## UPSON *v.* SMITH, county treasurer.

In view of the Penal Code, § 1123, and the provisions of the act creating the city court of Athens, and of the amendments thereto, relating to the fines and forfeitures arising in that court, which are required to be paid into the treasury of Clarke county, a former solicitor of that court, with orders granted by the judge for insolvent costs, is not entitled by mandamus to require the treasurer to pay such orders or any part there-

of, although there may be in the treasury, as part of the general fund of the county, money arising from fines and forfeitures in the city court.

No. 1971. MARCH 3, 1921.

Petition for mandamus. Before Judge Cobb. Clarke superior court. March 13, 1920.

This is a proceeding for mandamus, brought on February 21, 1920, by Stephen C. Upson against the treasurer of Clarke County, E. I. Smith. The substance of the petition, as far as necessary to be stated, is to the following effect: Petitioner was solicitor of the city court of Athens for three consecutive terms, from September 12, 1907, to September 11, 1919. During his first term from September 12, 1907, to August 19, 1911, the date of the act placing the solicitor upon a salary instead of fees, the judge of the court duly allowed orders for the petitioner's insolvent costs as solicitor, amounting to $2586.01, which were duly entered upon the minutes of the court. Petitioner on August 29, 1911, was the owner as transferee of all of the insolvent-cost orders allowed former solicitors, and former clerks and sheriffs, of the aggregate amount of $5159.03. Between September, 1911, and September, 1919, the clerk of the court collected the sum of $4452.99, as fines and forfeitures in criminal cases disposed of in the court, which he paid to E. I. Smith, who has since and prior to January 1, 1911, been treasurer of Clarke County, which sums represented the share of the solicitor of the city court of such fines and forfeitures; and the dates on which the various items constituting this sum were paid to the treasurer are stated. On February 21, 1920, petitioner made a written demand upon the defendant, as treasurer, for the payment of all the aforementioned insolvent-cost orders out of said fund paid by the clerk to defendant from fines and forfeitures as stated, which demand was refused by the defendant.

The petition was demurred to on the ground that it set forth no cause of action, and that it appeared therefrom that the plaintiff's orders or judgments were barred under the dormant-judgment act. The petition was dismissed under a general order sustaining the demurrers; and he excepted.

*Wolver M. Smith* and *Horace M. Holden,* for plaintiff.

*Lamar C. Rucker* and *Tate Wright,* for defendant.

FISH, C. J. (After stating the foregoing facts.) The act of 1879 (Acts 1878-79, p. 291), establishing the city court of Clarke county (name changed by the act of 1894 to the city court of

Athens), provided (sec. 36) that all moneys arising from fines and forfeitures in the court should be subject to the payment of the fees of its officers; that for their insolvent costs they should have a lien upon the fines and forfeitures raised in the court; and that those in office at the time any money should be brought in, subject to insolvent costs, should be paid therefrom all their insolvent costs, before any predecessor in their respective offices should have a claim on such money for insolvent costs. In section 37, the act declared that should any balance remain of the fines and forfeitures raised in the city court, after full payment, in accordance with the priority stated, of all insolvent costs due the officers of the city court and those of the superior court upon the cases transmitted from that court to the city court, such balance should be paid into the treasury of Clarke County.

On August 19, 1911, an act was passed (Acts 1911, p. 235) the purpose of which, among other things, was " to provide for the payment of a salary to the solicitor of said [city] court in lieu of the fees now received by him; to provide that all the fees now allowed by law to the solicitor of said court shall be collected and paid into the treasury of Clarke County; to provide that Clarke County shall take the place of the solicitor of said court in all future insolvent costs and shall share as such in all fines, forfeitures, and for other purposes." The fourth section of that act declared: " That after paying the insolvent costs of the solicitor of said court due at the time of the passage of this act, the share of all moneys arising from jury fines, fines imposed for violation of penal laws, and other fines, and collected from forfeited recognizances in said city court, which, under the provisions of section 37 of said act approved September 9, 1879, are subject to the payment of the fees of the solicitor of said court, shall be paid into the treasury of Clarke County."

As will be seen, all moneys arising from fines and forfeitures in the city court of Athens, required by the Acts of 1879 and 1911 to be paid into the treasury of Clarke County, manifestly became, when so paid, a part of the general fund belonging to the county in its treasury, and not a special and separate fund distinct from the county funds arising from other sources of which the treasurer should keep a separate account, and to be paid out only on orders or warrants on the county treasury granted by the judge for insol-

vent costs. The provisions of the Penal Code (1910), §§ 1113 et seq., as to the payment of fines and forfeitures arising in the superior courts into the county treasury to be there kept as a special fund separate from all other moneys of the county, and subject to be paid out only upon orders and warrants of the judge allowed for insolvent costs, do not apply to fines and forfeitures arising in the city court of Athens. This is true because, as already stated, the acts of the legislature creating that court make no such provision; and moreover the Penal Code, § 1123, declares that "the foregoing sections [relating to the disposition of fines and forfeitures, etc.] do not apply to a city court; . . nor do they affect any local law." It follows that notwithstanding the fact that the petitioner had orders for insolvent costs, granted to him by the judge of the city court, and was the owner as transferee of other orders of similar character to other officers of the court, he was not entitled to require the county treasurer by mandamus to pay such orders from the general county fund, although in part made up from fines and forfeitures arising in the city court. Entertaining this view, it is not necessary to discuss or rule upon any other point in the case. The court did not err in dismissing the petition on general demurrer.

*Judgment affirmed. All the Justices concur.*