THOMPSON, justice of the peace, *v.* MACNEILL, treasurer.

ATKINSON, Justice. It is provided in the act of 1924 (Ga. Laws 1924, p. 221), amendatory of the act of 1891 (2 Ga. L. 1891, p. 935), creating the criminal court of Atlanta. "Sec. XIV. That all money arising from fines, forfeitures, and from forfeited recognizances in said court shall be collected by the sheriff and remitted to the general treasury of said county." Then follow provisions for salaries for the solicitor-general of the court, deputy solicitor-general, clerks, and other employees, and for a contingent fund to meet emergency expenses, all to be paid "out of the county treasury." Also: "All costs which may become due under the law to justices of peace or committing courts in cases disposed of in the criminal court of Atlanta shall be paid out of the county treasury." The name of the court is now criminal court of Fulton County. Ga. Laws 1935, p. 498. *Held:*

1. This act considered in connection with the Code of 1933, § 27-2913, providing for payment of costs of justices of the peace from fines and forfeitures, imposes an official duty upon the county treasurer to pay, on the order of the judge, statutory costs of justices of the peace out of the county treasury in misdemeanor cases disposed of in the criminal court of Fulton County.

2. Mandamus is an appropriate remedy to enforce performance by the county treasurer of such official duty. Code, § 64-101; *Lamb* v. *Toomer*, 91 *Ga.* 621 (17 S. E. 966); *Pulaski County* v. *DeLacy*, 114 *Ga.* 583 (40 S. E. 741).

(a) The case differs from *Upson* v. *Smith*, 151 *Ga.* 213 (106 S. E. 175), to which the statutes referred to in the first division, supra, did not apply.

(b) Accordingly, where statutory costs due to a justice of the peace of Fulton County as a committal court in misdemeanor cases that are disposed of in the criminal court of Fulton County are approved by the judge of that court and ordered paid by the county treasurer, it becomes the official duty of the treasurer to pay such costs out of the treasury, and the writ of mandamus lies to compel performance of such duty.

3. The petition alleged ground for mandamus as related to the costs of the justice of the peace, and it was erroneous to dismiss the petition on general demurrer.

4. A ground of special demurrer relating to misjoinder of causes of action was not ruled on by the judge. Error was assigned on the sole ground that the judge erred in sustaining the general demurrer and dismissing the action. Consequently no ruling will be made on the question raised by special demurrer. *Judgment reversed. All the Justices concur.*

No. 11742. APRIL 14, 1937.

*George G. Finch,* for plaintiff.

*Ralph H. Pharr, Charles B. Shelton, W. S. Northcutt,* and *E. Harold Sheats,* for defendant.