McLAIN *v.* WOOTEN *et al.*

1. Where two persons were sued jointly in the same action by several plaintiffs for the recovery of real and personal property, the realty being in the possession of one of the defendants and the personalty in the possession of the other, but the plaintiffs' right to recover depending as to both defendants upon substantially the same state of facts, and there was a verdict in the plaintiffs' favor as to the personalty and against them as to the realty, whereupon two separate motions for a new trial were filed, one by the plaintiffs and the other by one of the defendants, the latter also filing with his motion a complete brief of the evidence, but none being filed by the plaintiffs: *Held*, it was within the power of the judge, for the purpose of hearing and determining these motions while pending before him, to treat this brief of evidence as a portion of the general record of the case and therefore a part of the plaintiffs' motion for a new trial; and there was no error in refusing to dismiss that motion because the plaintiffs had not themselves filed a separate brief of the evidence.

2. It appearing that both motions for a new trial were granted, thus leaving all the matters in controversy open to a new investigation; and the granting of the plaintiffs' motion falling within the general rule relating to the first grant of new trials, the Supreme Court will not reverse the judgment granting that motion.

June 10, 1895.

Motion for new trial.    Before Judge SWEAT.    Coffee superior court.    September term, 1894.

Frank H. Harris, for plaintiff in error.

G. J. Holton & Son and S. W. Hitch, *contra.*

Lumpkin, Justice.

1. The question of practice dealt with in the first head-note is, so far as we can now remember, a novel one in this State. The more recent trend of judicial opinion in this court seems to be in favor of allowing the trial judges very wide discretion in dealing with questions arising upon the making up, filing and approval of briefs of evidence. These matters, in a sense, belong to what may be termed the "police powers" of the lower courts. There seems to be a growing disposition on the part of attorneys to postpone the preparation and filing of briefs of evidence, where motions for new trials have been made; and our recent reports will show that this habit has of late years given rise to no little trouble and perplexity as to the final disposition of these motions. It would, perhaps, be well for the General Assembly to again take the matter in hand and limit definitely the time for filing briefs of evidence. In view, however, of the practice now prevailing, much, as has already been intimated, must necessarily be left to the discretion of the judge below.

The case now before us was an action against two persons. The plaintiffs recovered against one of them, and the jury found in favor of the other defendant. It was therefore all one case, although it had a somewhat double termination. The losing parties filed separate motions for a new trial. One of them accompanied his motion with a brief of evidence, but no other brief of evidence was filed. We do not think the court strained its discretion in holding that this brief of evidence was applicable to both motions, for they really grew out of the same case, and this was a brief of the evidence in that case.

2. We the more readily affirm the judgment below,

because it appears that both the motions were granted, and thus all the matters in controversy are left open for a new investigation.　　*Judgment affirmed.*