## STEWART *et al. v.* MYNATT, and *vice versa.*

1. The refusal of a nonsuit was proper.

2. On the trial of an action against the proprietors of a public skating-rink, for damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendants, wherein the defendants, after denying generally all the material allegations of the petition, pleaded that the plaintiff's injuries, if any, were caused by her own negligence, it was not error for the court to instruct the jury, the plaintiff having made out a prima facie case, that "The burden is on the defendants to establish by a preponderance of the testimony that the plaintiff is guilty of any negligence which caused her injuries."

3. It was error, on the trial of the action above referred to, for the court to instruct the jury as follows: "It would be the duty of the defendants to exercise ordinary care to enforce these rules which they had prescribed for the protection of persons who were skating." What ordinary care would require the defendants to do was for the jury, in the absence of a statute or municipal ordinance imposing on them the duty of doing certain specific acts.

4. The failure of the court to give to the jury instructions as to the law of proximate cause, and as to the meaning of the words, "and that negligence caused her injury," was not, under the facts of the case, cause for a new trial.

5. Where an action was brought by M. against S. and S. and a named corporation, and the plaintiff's right to recover depended, as to all the defendants, upon substantially the same state of facts, and there was a verdict in the plaintiff's favor against S. and S., and a verdict was directed by the court against the plaintiff in favor of the corporation, whereupon two motions for a new trial were filed, one by the defendants S. and S., and the other by the plaintiff, the former also filing with their motion a complete brief of the evidence, but none being filed by the plaintiff, it was within the power of the judge, for the purpose of hearing and determining these motions while pending before him, to treat this brief of evidence as a portion of the general record of the case, and therefore as a part of the plaintiff's motion for a new trial; and this court will not dismiss the bill of exceptions

filed by the plaintiff, assigning error upon the overruling of such motion for a new trial made by her.

6. The evidence demanded the verdict which was directed by the court in favor of the corporation.

FEBRUARY 14, 1911.

Action for damages. Before Judge Pendleton. Fulton superior court. January 14, 1910.

*Anderson, Felder, Rountree & Wilson,* for Stewart et al.

*W. R. Hammond,* contra.

FISH, C. J. Miss Lillian Mynatt brought an action for damages for personal injuries caused by the alleged negligence of the defendants, against Stewart & Son, a partnership composed of R. M. Stewart and R. M. Stewart Jr., and against the St. Nicholas Rink Company, a corporation. On the trial the court directed a verdict in favor of the St. Nicholas Rink Company. At the conclusion of the evidence in behalf of the plaintiff, the Stewarts moved for a nonsuit, which was refused. There was a verdict for the plaintiff against the Stewarts, and they moved for a new trial and excepted to the overruling of the motion, and assigned error also upon the refusal of the nonsuit.

1. After a careful consideration of the evidence submitted in behalf of the plaintiff, we are of the opinion that it was sufficient to take the case to the jury, and that therefore the court did not err in refusing the nonsuit.

2. One of the grounds of the motion for a new trial complains that the court erred in instructing the jury that "The burden is on the defendants to establish by a preponderance of the testimony that the plaintiff is guilty of any negligence which caused her injuries." In our opinion this charge was not erroneous. This is not a case where the plaintiff alleged certain acts of negligence on the part of the defendants, whereby the plaintiff was injured and damaged as specifically set forth, and where the defendants merely denied all of plaintiff's allegations in respect to the defendants' negligence and as to plaintiff's injuries, which would be in effect a plea of the general issue. In that kind of a case evidence in behalf of the defendant, which would equally balance the plaintiff's evidence, would be sufficient to defeat the action. In the case now before us the defendants not only denied all the material allegations in the plaintiff's petition, but set up an affirmative defense that the plaintiff's injuries, if any, were caused by her own negligence. Therefore, in

accordance with the rule that "The burden of proof generally lies. upon the party asserting or affirming a fact, and to the existence of whose case or defense the proving of such fact is essential" (Code of 1910, § 5746), the burden rested upon the defendants, after the plaintiff had made out a prima facie case, to show by a preponder-.ance of the evidence, in order to sustain their plea, that the plaintiff's injuries were caused by her own negligence. When the plaintiff submitted evidence of the negligence of the defendants, as alleged in her petition, and that her injuries as set forth were caused thereby, and such evidence was sufficient to take the case to the jury, then she made out a prima facie case, and was not bound to go further and show her own diligence. Whether or not by the exercise of ordinary care the plaintiff could have prevented the injuries was a matter of defense. *Georgia Midland etc. R. Co.* v. *Evans,* 87 *Ga.* 673, 675 (13 S. E. 580), and authorities cited; *City Council of Augusta* v. *Hudson,* 88 *Ga.* 600 (15, S. E. 678). See *Central etc. R. Co.* v. *Brandenburg,* 129 *Ga.* 115 (58 S. E. 658).

3. In another ground of the motion error was assigned upon this extract from the charge: "One of those rules [referring to certain rules which the plaintiff contended the defendants had prescribed and promulgated] was that there should be no wild or reckless skating. Another rule was that three persons should not skate abreast, and the third rule was that no persons intoxicated or drinking should be permitted on the floor while the skating was being done. She [the plaintiff] avers that the defendants were negligent in not enforcing these rules, and that negligence resulted in her injury; and the court instructs you that it would be the duty of the defendants to exercise ordinary care to enforce these rules which they had prescribed for the protection of persons who were skating." The exception was that the court here in effect instructed the jury that the failure of the defendants to exercise ordinary care to enforce the rules referred to was negligence on their part. We think this exception was well taken. "Except where the particular act is declared to be negligence either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." *Atlanta &c. R. Co.* v. *Hudson,* 123

*Ga.* 108 (51 S. E. 29), and cases cited; *Augusta Ry. &c. Co.* v. *Weakley,* 124 *Ga.* 384 (2), 385 (52 S. E. 444).

It is true that the proprietor of a public skating-rink is bound to use ordinary care for the protection of his patrons in attendance (*Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), and cases cited), but what constitutes such care in a given case is a question for determination by the jury and not by the court. The promulgation by such a proprietor of rules prescribed by himself for the guidance and government of those attending or using his rink imposes no such duty, as a matter of law, that renders his failure to enforce such rules negligence per se. Clearly it would have been erroneous for the judge to instruct the jury that it was negligence on the part of the defendants in this case, if they were to permit wild or reckless skating, or three persons to skate abreast, or intoxicated persons to skate. By reason of the implication contained in the instruction with which we are now dealing, to the effect that the failure of the defendants to enforce the rules referred to would be negligence on their part, it was equally erroneous.

This charge was not merely a correct statement of a pertinent rule of law, as was the case in *Western etc. R. Co.* v. *Burnham,* 123 *Ga.* 28 (5), 32 (50 S. E. 984), *Macon Ry. etc. Co.* v. *Vining,* 123 *Ga.* 770 (51 S. E. 719), and *Savannah Electric Co.* v. *Bennett,* 130 *Ga.* 597 (1), 598 (61 S. E. 529).

4. It was not cause for the grant of a new trial that the court failed to instruct the jury in reference to the law of proximate cause, where there was no proper and timely written request made for such instruction; the court having fully and fairly stated the issues and instructed the jury to the effect that the plaintiff would not be entitled to recover, unless it was shown that her injuries, if any, were caused by the alleged negligence of the defendants. Nor was it cause for a new trial that the court failed, in the absence of such a request, to instruct the jury as to the meaning of the words, "and that negligence caused her injury," in the following instruction: "The court instructs you that the plaintiff would be entitled to recover if the defendants were guilty of this negligence, and that negligence caused her injury." *Savannah Electric Co.* v. *Bennett,* supra, and cit.

5. As to the cross-bill. The trial was had May 7, 1909. Subsequently to the filing of the motion for a new trial by the Stewarts,

the plaintiff during the term filed her motion for a new trial, complaining of the direction of a verdict for the St. Nicholas Rink Company, and of the refusal of the court to give to the jury certain charges requested by the plaintiff, relating to the issue as to the liability of such company. The two motions, it seems, were heard together on June 26, 1909. The judge, after argument, held them under consideration until January 14, 1910, when he passed a separate order on each motion overruling the same. The Stewarts excepted to the overruling of their motion; and the plaintiff filed what is termed a cross-bill of exceptions, in which error was assigned upon the overruling of her motion. The bill of exceptions in each case was presented and certified within the time prescribed by law. There was no brief of evidence filed with the motion for a new trial made by the plaintiff. In the bill of exceptions filed by her appears this recital: "Defendants, R. M. Stewart and R. M. Stewart Jr., in said case filed a brief of the evidence introduced on the trial of said case, duly approved by the court, with their motion for a new trial, and therefore it is unnecessary for the plaintiff to file any brief of the evidence with her cross-motion for a new trial." In her bill of exceptions the plaintiff assigned error, not only on the overruling of her motion for a new trial, but upon the direction of a verdict for the St. Nicholas Rink Company, and on the refusal of the court to give in charge to the jury the instructions requested by the plaintiff. No exceptions pendente lite were filed by the plaintiff on these points. R. M. Stewart, R. M. Stewart Jr., and the St. Nicholas Rink Company were made parties defendant in error to the cross-bill of exceptions filed by the plaintiff. A motion was made in this court by the Stewarts to dismiss the cross-bill of exceptions, because it is predicated upon the cross-motion for a new trial, which is unknown to the practice of this state; because no brief of the evidence was filed with such cross-motion; and because the direct assignments of error in such cross-bill of exceptions were not made in time, as the errors complained of were made during the trial on May 7, 1909, and the cross-bill of exceptions was not presented or certified until January 22, 1910. Following the ruling made in *McLain* v. *Wooten*, 96 *Ga.* 331 (1), 332 (23 S. E. 189), the motion to dismiss the cross-bill of exceptions can not be sustained. The plaintiff's right to recover, as was the fact in the case cited, depended, as to all the defendants, upon substantially the same state of facts. In this

case there was no motion to dismiss the plaintiff's motion for a new trial, as there was in the case cited, and, as in that case, the judge, for the purpose of hearing and determining both motions for a new trial pending before him, treated the one brief of evidence as a portion of the general record of the case, and therefore as a part of the plaintiff's motion for a new trial.

6. The court did not err in directing a verdict for the St. Nicholas Rink Company. The plaintiff was injured while skating in the rink at Ponce de Leon Park on September 22, 1906. A charter was granted to the St. Nicholas Rink Company on July 31, 1905, in accordance with an application therefor made by R. M. Stewart, L. C. Stewart, and R. M. Stewart Jr., the application alleging that the stock had been "fully paid in," and that the business of the corporation was to operate a skating-rink at or near Ponce de Leon Springs in Fulton county. However, the uncontradicted evidence was to the effect that the St. Nicholas Rink Company was not organized until October 8, 1906, and that prior to that time the operation of the skating-rink, where plaintiff was injured, was conducted solely by the partnership of R. M. Stewart & Son, and that the St. Nicholas Rink Company had nothing whatever to do with the rink or the operation thereof until the transfer of the property to such company by R. M. Stewart & Son, which was made subsequently to the organization of the company as before stated.

As the verdict directed by the court in behalf of the St. Nicholas Rink Company was demanded by the evidence, and as the affirmance of the judgment overruling the plaintiff's motion for a new trial will be a final disposition of the case as to the St. Nicholas Rink Company, it is unnecessary to deal with the grounds of the plaintiff's motion for a new trial, as to her requests to charge, relating solely to the liability of the St. Nicholas Rink Company.

In the absence of exceptions pendente lite, the direct assignments of error in the cross-bill of exceptions, as to the rulings made on the trial, came too late; but, as already stated, such assignments of error were the same as those made in the plaintiff's motion for a new trial, with which we have already dealt.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*