## 17620.  SAVANNAH THEATRES COMPANY *v.* BROWN.

A cause of action for damages against the theatres company was shown by the petition, from which it appeared that the plaintiff's wife, a patron of the defendant's theatre, fell and was injured when descending the theatre stairs in a crowd at the conclusion of a performance which she had been attending, it being alleged that her fall was caused by the pushing and shoving of the crowd by small boys who, with the knowledge of the defendant and without being checked, had been making a disturbance in the theatre by boisterous and hilarious conduct during the performance. While the petition may indicate that a hole in the rubber matting of the stairs, in which her heel caught, and the defective lighting of the stairway, might have contributed to the injury, the petition nevertheless plainly indicates that the efficient proximate cause, without which the injury would not have happened, was the pushing and shoving mentioned. It is the general rule that what in a given case constitutes ordinary care on the part of the proprietor of a theatre for the protection of patrons is a question for determination by the jury, and not by the court. The court did not err in overruling either the general or the special grounds of the demurrer.

DECIDED JANUARY 24, 1927.

Action for damages; from Chatham superior court—Judge Meldrim.  June 29, 1926.

Brown brought suit against the Savannah Theatres Company for expenses incurred in the treatment of his wife on account of injuries received by her in its building.  The petition alleges: that she attended a performance in the defendant's theater, having first paid her admission; that she sat in the balcony on the second floor; that during the performance a group of small boys in the balcony were making a disturbance which was not checked by the defendant, although the misconduct was known to it; that at the conclusion of the performance, the plaintiff's wife started down the stairs among a crowd of other patrons of the theater, that the passageway was dimly lighted, and the bright light at its end served only temporarily to blind her, and she was compelled to feel her way down the stairs; that the crowd of small boys in the rear who had been creating the disturbance began pushing and shoving the crowd; that there was a large hole in the rubber matting on the third step above the first landing, and that *"in the excitement caused by the pushing and shoving in her rear,"* she suddenly caught her heel in the hole, lost her balance, and fell down the three steps to the first landing, causing the injury to her on account

Negligence, 29 Cyc. p. 495, n. 60; p. 636, n. 72; p. 639, n. 4; Theaters and Shows, 38 Cyc. p. 270, n. 66.

of which the expenses were incurred. It is alleged that the defendant company was negligent in failing to have the passageway properly lighted, in allowing the large hole to remain in the rubber matting, "in failing to check the boys in their act of shoving and pushing the crowd . . , after defendant company had been charged with notice of their boisterous and hilarious conduct," and in failing to preserve order among them during the entire performance, and in failing to remonstrate with them and caution them in regard to such misconduct. It is alleged that if such misconduct had been stopped during the performance, the boys would not have been so wild and uncontrolled, and would not have been pushing and shoving on the stairway, to the injury and damage of the petitioner's wife, and the consequent damage of the petitioner.

The defendant demurred on the ground that the petition set forth no cause of action, and demurred specially to paragraph 4 of the petition, on the ground that it is vague and indefinite, in that it fails to show the character and extent of the disturbance referred to, and whether the disturbance was unlawful in its nature, and that it fails to name or designate the persons who were annoyed by the alleged misconduct. Paragraph 5 of the petition was demurred to on the ground that it fails to set forth or describe the method adopted by the plaintiff's wife of feeling her way when she was compelled to feel her way down the stairs. The general and special grounds of the demurrer were overruled, and the defendant excepted.

*Seabrook, Kennedy & McWhorter,* for plaintiff in error.
*Oliver & Oliver, John Z. Ryan,* contra.

JENKINS, P. J. (After stating the foregoing facts.) Where injury is alleged to have been proximately caused by specified negligence on the part of a defendant, the question whether it was in fact thus brought about is one that it is peculiarly within the province of the jury to determine. In the instant case the fall and injury of the plaintiff's wife while going down the stairway of the defendant's theater building is specifically alleged by the plaintiff to have been "caused by the pushing and shoving in her rear" of certain small boys. Thus, while the petition may indicate that the alleged hole in the rubber matting of the stairs, and the defective lighting of the stairway, might have contributed to the accident, the petition nevertheless plainly indicates that the efficient

proximate cause of the injury, without which it would not have happened, was the pushing and shoving mentioned. It is furthermore true that the alleged negligence in failing to check the boys in pushing and shoving in the hall is coupled with and altogether predicated upon the defendant's knowledge of their previous boisterous and hilarious conduct during the performance. The result is that if the hilarity of the boys during the performance could not be taken as a sufficient circumstance to cause the defendant reasonably to anticipate the subsequent pushing by them in the hall, the plaintiff would not be entitled to recover. In *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), it was held that if "there is any reasonable apprehension of danger to such a customer from the unlawful conduct of other customers or third persons, or if a personal injury from the misconduct of other customers or third persons can be prevented by the proprietor by the exercise of ordinary care and diligence, he may be guilty of negligence for his failure to use it, and consequently responsible in damages." The petition having in substance alleged that in view of the defendant's knowledge that boisterous and hilarious customers were in the balcony, it was its duty to protect its customers from the danger incident to pushing and shoving down the ill lighted and defectively carpeted stairway of the hall, and since it is the general rule that what in a given case constitutes ordinary care on the part of such a proprietor for the protection of its patrons is a question for determination by the jury, and not by the court (*Stewart* v. *Mynatt,* 135 *Ga.* 637, 640, 70 S. E. 325), this court will not disturb the judgment of the trial court overruling the demurrer.

*Judgment affirmed. Stephens and Bell, JJ., concur.*