## 29150.   SWOPE *v.* FARRAR.

DECIDED OCTOBER 15, 1941.

*Gleason & Collins,* for plaintiff.

*Finlay & Campbell, Matthews, Owens & Maddox,* for defendant.

MACINTYRE, J. The plaintiff here was an invitee, and as such the defendant is liable in damages to him for injuries occasioned by her failure to exercise ordinary care in keeping the premises and approaches safe. Code, § 105-401. The rule with reference to places of amusement has been thus stated: "The duty assumed by the owner of a place of amusement or recreation where the public are invited, for his profit and their pleasure, is analogous to that which the law imposes upon carriers of passengers, differing only in the standard of care required. In the latter, the standard is extraordinary care; and in the former, ordinary care." *Moone* v. *Smith* 6 *Ga. App.* 649 (2) (65 S. E. 712). In Murphy *v.* Winter Garden & Ice Co., (Mo. App.), 280 S. W. 444, 446, the plaintiff was injured under conditions somewhat similar to the instant case. There the plaintiff was skating in the defendant's rink. After she had been skating for about five or ten minutes she noticed two young men, also patrons, skating around trying to push, shove and trip different girls. Every time plaintiff passed them they tried to contact her. After about twenty minutes she notified the uniformed attendant employee of the defendant, and complained of the conduct of the two young men. The attendant said he would caution the young men but did not do so. There were five such attendants on the floor. About an hour later, during the moonlight skate, one of these young men pushed her in the back and she fell and sustained injury. The defendant demurred to the plaintiff's evidence and the court overruled the demurrer and stated: "Nor can we say that no standard of care by which defendant's duty could be measured was shown, because ordinary care is always a relative term, and in every case must be determined by what the

conduct of an ordinarily prudent person would have been under the same or similar circumstances. In fact it has been expressly held that the care required of persons engaged in the business of providing public amusements is care commensurate with the circumstances of the situation to protect their patrons against injury. . . Accordingly we think that the demurrer was correctly ruled [overruled]." See *Frye v.* Omaha &c. St. R. Co., 106 Neb. 333 (183 N. W. 567, 22 A. L. R. 607, 667). In *Savannah Theatres Co. v. Brown,* 36 *Ga. App.* 352 (136 S. E. 478), a husband brought suit to recover expenses incurred in treating his wife on account of injuries received by her in the defendant's building. It was alleged that his wife attended a performance at the theater having first paid her admission fee. She sat in the balcony on the second floor. During the performance a group of boys were making a disturbance that was known to but not checked by the defendant. After the end of the performance she was starting down the stairs, and the boys started pushing and shoving the crowd, and in the excitement caused by the pushing and shoving in her rear the wife caught her heel in a hole, lost her balance, and fell down three steps, causing described injuries. In his opinion Judge Jenkins, declaring that the trial judge properly overruled the demurrer to the petition, said: "The result is that if the hilarity of the boys during the performance could not be taken as a sufficient circumstance to cause the defendant reasonably to anticipate the subsequent pushing by them in the hall, the plaintiff would not be entitled to recover." He then quoted from the *Moone* case, supra, as follows: If "there is any reasonable apprehension of danger to such a customer from the unlawful conduct of other customers or third persons, or if a personal injury from the misconduct of other customers or third persons can be prevented by the proprietor by the exercise of ordinary care and diligence, he may be guilty of negligence for his failure to use it, and consequently responsible in damages." Applying that principle to that case he said: "The petition having in substance alleged that in view of the defendant's knowledge that boisterous and hilarious customers were in the balcony, it was its duty to protect its customers from the danger incident to pushing and shoving down the ill-lighted and defectively-carpeted stairway of the hall, and since it is the general rule that what in a given case constitutes ordinary

care on the part of such a proprietor for the protection of its patrons is a question for determination by the jury, and not by the court, . . this court will not disturb the judgment of the trial court overruling the demurrer." See *Stewart* v. *Mynatt,* 135 *Ga.* 637, 640 (70 S. E. 325).

Of course there are cases in which a warning to an expert skater by the proprietor of a skating rink to cease doing certain things that are likely to injure other patrons, would entitle the proprietor to assume that the warning was sufficient; yet there are other cases where the proprietor is not entitled to assume that a warning will be sufficient, for the proprietor is required to exercise reasonable care and use such means of protecting other patrons as are available, or which he should in advance have provided because of the antecedent likelihood that the expert skater might misconduct himself to the injury of other patrons. Thus, if an expert skater was not skating in the usual, ordinary, and normal way, but was so skating as to make it extremely hazardous for the other patron skaters, and if this antecedent conduct was such as would authorize a jury to say that, from such antecedent conduct, there was a likelihood that the expert skater would subsequently misconduct himself to the injury of other patrons, and if they so found, then the proprietor would be required to provide or use such means of protection as an ordinarily prudent man would provide or use, in advance, because of the antecedent likelihood that the expert skater might misconduct himself to the injury of other patrons. 2 Restatement of the Law of Torts, 954, § 348 (b). This of course does not mean that the proprietor is the insurer of other patrons against injuries which may occur in his skating rink. The question of the skill of the expert skater in handling himself in skating has no relevancy except to throw light on the means to be used and what would amount to the exercise of ordinary care; and even though the skater was an expert, if the proprietor had notice that he was conducting himself in such manner as was likely to result in injury to other patrons, a failure to take action to provide protection to other patrons such as an ordinarily prudent man would have taken under the circumstances would be actionable negligence on the part of the proprietor.

Whether or not the efforts of the employees constituted ordinary care as to protecting the plaintiff from injury by acts of the third

party was a question for the jury. It is true, as urged by the defendant, that the plaintiff assumed the ordinary risks pertaining to a skating rink, but we do not think it can be said as a matter of law that the plaintiff assumed the risk of injury that might arise out of the "careless, negligent, and reckless skating of said unknown person" as described in the petition. Also, questions of proximate cause, whether the plaintiff could by the exercise of ordinary care have avoided the consequences of the conduct of the unknown individual, were, under the facts alleged, questions for determination by the jury. We therefore think the judge erred in sustaining the general demurrer to the petition and dismissing the action. See *Pippin* v. *Regenstein,* 58 *Ga. App.* 819, 823 (199 S. E. 790).

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*