## 31700. HALL *v.* DAVIS.

Decided September 26, 1947. Rehearing denied October 24, 1947.

*George W. Willingham, Julian E. Gortatowsky,* for plaintiff.
*John M. Slaton,* for defendant.

Parker, J. This was a suit for damages brought by Paul Hall Jr., against S. R. Davis, trading as Davis Brothers Restaurant. The plaintiff alleged that at the invitation of the defendant he was a customer and guest of the defendant for the purpose of eating breakfast, in a restaurant conducted by the defendant in the City of Atlanta, about 2 o'clock a. m., on January 2, 1947, when he was assaulted and injured by another guest in the restaurant who was drunk; and that the defendant failed to exercise ordinary care in protecting the plaintiff as a customer from the misconduct of the other guest. The material parts of the petition are contained in five paragraphs as follows: "4. After plaintiff was seated defend-

ant escorted another guest whose name is unknown to plaintiff to a booth about six feet from where plaintiff was sitting. 5. This latter guest was drunk, quarrelsome and arrogant and this fact was known to the defendant. 6. Nevertheless, defendant, with full knowledge of said guest's condition, not only permitted him to enter said restaurant but allowed him to remain. 7. After causing some commotion and argument, said drunken guest without cause or justification threw a cup of coffee into the air violently striking plaintiff on the back of the head and neck causing him severe shock and pain. 8. By virtue of the facts aforesaid plaintiff was damaged by the defendant in the amount of $500.00."

The defendant filed a general demurrer to the petition upon the ground that it did not set out a cause of action, and a special demurrer to paragraph 7. The court did not pass upon the special demurrer but sustained the general demurrer and dismissed the action, and the sole exception here is to that ruling.

Since the special demurrer was not ruled on by the trial judge, and error has been assigned on the sole ground that the court erred in sustaining the general demurrer and in dismissing the action, no ruling will be made by this court on the question raised by the special demurrer although counsel for the defendant refers to it in his brief. See *Thompson* v. *MacNeill,* 184 *Ga.* 311 (4) (191 S. E. 249).

In *Moone* v. *Smith,* 6 *Ga. App.* 649 (65 S. E. 712), it was held that it is the duty of the proprietor of a soft-drink stand, billiard and pool room, or other like place, to protect a customer from injury caused by the misconduct of other customers and third persons; and that if there is any reasonable apprehension of danger to such a customer from the unlawful conduct of other customers or third persons, or if a personal injury from the misconduct of other customers or third persons can be prevented by the proprietor by the exercise of ordinary care and diligence, he may be guilty of negligence for his failure to use it, and consequently responsible in damages. That case states that the duty assumed by the owner of a place of amusement or recreation where the public are invited, for his profit and their pleasure, is analogous to that imposed by law on carriers of passengers, differing only in the standard of care required. In the latter, the standard is extraordinary care; and in the former, ordinary care. While the facts in the case of *Moone*

v. *Smith,* supra, are not the same as the facts in the instant case, they are sufficiently alike for the principles applied there to be applicable here. That case has been cited with approval many times by this court, two late citations being in *Southern Grocery Stores* v. *Keys,* 70 *Ga. App.* 473 (28 S. E. 2d, 581), and *Colonial Stores* v. *Coker,* 74 *Ga. App.* 264 (39 S. E. 2d, 429); and it may be said that the principles announced in it are well established as the law in Georgia.

In *Savannah Theatres Company* v. *Brown,* 36 *Ga. App.* 352 (136 S. E. 478), the plaintiff sued for damages for injuries sustained by his wife, a patron of the defendant's theater, who fell and was injured in leaving the theater at the conclusion of a performance she had attended, it being alleged that her fall was caused by the pushing and shoving of a crowd of small boys who with the knowledge of the defendant and without being checked had been making a disturbance in the theater by boisterous and hilarious conduct during the performance. While the petition may have indicated that a hole in the mat on the stairs on which the plaintiff's wife fell, and defective lighting of the stairway, might have contributed to the injury, it plainly indicated that the efficient proximate cause of the injury was the pushing and shoving of the crowd of boys. The trial judge overruled a general demurrer to the petition and that ruling was affirmed by this court in holding that what constituted ordinary care on the part of the proprietor of a theater for the protection of patrons is a question for the jury and not for the court. In *Stewart* v. *Mynatt,* 135 *Ga.* 637 (70 S. E. 325), it was held that "the proprietor of a public skating rink is bound to use ordinary care for the protection of his patrons in attendance . . but what constitutes such care in a given case is a question for determination by the jury and not by the court." In *Swope* v. *Farrar,* 66 *Ga. App.* 52 (17 S. E. 2d, 92), this court held that in an action for damages alleged to have been received by the plaintiff in the defendant's skating rink, as a result of the misconduct of third persons in using said rink at the same time the plaintiff was using it as an invitee, the petition presented a question for the jury as to whether or not the efforts of the defendant's employees relating to the alleged misconduct of such third persons, after notice thereof, constituted ordinary care. In holding that the petition made a case which should have been submitted

to the jury this court reversed the ruling of the lower court sustaining the demurrer to the petition.

It seems to us that under the authorities cited above, and in the absence of any case we have found directly in point to the contrary, the petition here was sufficient to withstand a general demurrer. The plaintiff alleged that the unknown guest who inflicted the injuries upon him, which amounted to an assault under the allegations of the petition, was drunk when he entered the restaurant, and that he was quarrelsome and arrogant, and that this was known to the defendant who escorted the guest to a booth about six feet from where the plaintiff sat. The petition also alleged that the drunken, quarrelsome and arrogant guest, after causing some commotion and argument, committed the assault upon the plaintiff without cause or justification. To be drunk means to be under the influence of intoxicating liquors to such an extent as to have lost the normal control of one's mental and bodily faculties, and, "commonly, to evince a disposition to violence, quarrelsomeness and bestiality." *Sapp* v. *State,* 116 *Ga.* 182, 185 (42 S. E. 410). Quarrelsome is an adjective meaning "inclined to quarrel," "contentious;" and a quarrel is an "unfriendly, angry, or violent dispute." Arrogant means "unduly or excessively proud; overbearing; haughty." The allegations that the offending guest was drunk and quarrelsome and arrogant, all of which was known to the defendant, and that he caused some kind of commotion and argument before throwing the cup of coffee and violently striking the plaintiff, were sufficient to present the question whether the defendant was negligent in not protecting the plaintiff from the unlawful acts of the other guest, and this question was answerable only by the jury. This case comes under the well-settled rule, for which no citation of cases is necessary, that questions as to diligence and negligence are peculiarly for the jury, under the rules of practice in this State, and our courts will ordinarily decline to solve them by decision on demurrer, except in plain and indisputable cases.

The defendant relies, so far as Georgia cases are concerned, on only one case, *United Theatre Enterprises* v. *Carpenter,* 68 *Ga. App.* 438 (23 S. E. 2d, 189). In that case the plaintiff sued the theater for injuries sustained when she slipped upon a slimy substance on the floor of the theater and fell. It appeared that an

intoxicated person had previously occupied the seat the plaintiff was attempting to take when she fell, and this intoxicated person had vomited on the floor and this caused the plaintiff to fall as stated. This court held that a general demurrer to the petition of the plaintiff should have been sustained because the petition did not show that the defendant knew or had any reason to know of the presence on the floor of the dangerous substance put there by the intoxicated person. It was also held that the mere admission of an intoxicated person into the theater would not be negligence, and that the admission of such intoxicated person into the theater would not *of itself* be sufficient to put the defendant on notice that such person might reasonably be expected to vomit on the floor. That case is predicated on the law making the owner or occupier of land liable in damages for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe for persons lawfully thereon as stated in the Code, § 105-401, and the rule involved here is the alleged failure of the proprietor of a public eating place to use ordinary care for the protection of one guest from the misconduct of another known to be drunk, quarrelsome and arrogant. We think the case at bar is clearly distinguishable from the case relied on by the defendant.

The trial court erred in sustaining the general demurrer and in dismissing the plaintiff's petition.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*