35862. ADAMSON *v.* HAND.

Decided November 7, 1955.

*Albert B. Wallace*, for plaintiff in error.

*J. E. B. Stewart, T. C. Sawell*, contra.

FELTON, C. J. The plaintiff bases his cause of action against the defendant Adamson on the ground that Adamson was negligent in not affording him the protection prescribed by law. "A customer of a 'soft drink', billiard and pool room, or other like place, is there by the invitation of the proprietor, and, while therein lawfully engaged, it is the duty of the proprietor to protect him from injury caused by the misconduct, not only of his own employees, but of other customers and third persons. If, therefore, there is any reasonable apprehension of danger to such a customer from the unlawful conduct of other customers or third persons, or if a personal injury from the misconduct of other customers or third persons can be prevented by the proprietor by the exercise of ordinary care and diligence, he may be guilty of negligence for his failure to use it, and consequently responsible in damages." *Moone v. Smith*, 6 *Ga. App.* 649 (1) (65 S. E. 712). In the *Moone* case the plaintiff entered the defendants' place of business for the purpose of amusement, and, while engaged in playing a game of pool, and conducting himself in a proper and orderly manner, a quarrel arose in the room among four or five men who were intoxicated. The quarrel among these men began in the rear of the room, some distance from where he was playing. They became disorderly and began cursing. Four of them, who were drunk, threatened to do violence to the person of one who was not drunk, and forced this one to retreat from one part of the room to another. This disorderly conduct continued for some ten or fifteen minutes, during which time there was a continuous brawl among the parties, and a consequent noise and disturbance was noticeable in all parts of the room. One of the defendants was present in the room during the entire continuance of this disorderly conduct and witnessed it, and the employees of the place, who were waiting on customers in various parts of the room, were also witnesses to the disorder. Notwithstanding

a breach of the peace was imminent and actually committed, neither the proprietors nor any of their agents made any effort to quell the disorder by personal interference or by calling on the police. While this disorderly conduct was in progress, the plaintiff being in no way involved in it, continuing his game, relying upon the protection due him and the other peaceable and orderly customers from the proprietors, the difficulty reached its climax and the fighters suddenly precipitated themselves to the place where the plaintiff was standing, ran against him with such suddenness and violence that he was unable either to withdraw or to defend himself, and in the melee one of the drunken men engaged in the fight struck him a terrible blow in the eye, putting the eye entirely out and involving his other eye, threatening complete blindness. In that case the plaintiff charged that the proprietors and their agents had ample notice and opportunity to interfere and prevent the continuance and culmination of the brawl and fight, but wholly neglected and failed to do so and to perform their duty for the protection of the plaintiff and other peaceable and orderly customers.

The only difference between the *Moore* case and the instant case is that in the instant case the disturbance had moved from inside the defendant's place of business to his premises just outside the door and the plaintiff was injured while going to his car in an effort to leave the premises. This difference does not render the *Moone* case inapplicable here. This is a case where a jury must rule on the question of negligence and diligence. If the plaintiff was negligent in leaving the room after the disturbance had moved outside and in attempting to leave the premises in his automobile, such does not appear from the petition. What a reasonable and prudent man under similar circumstances would have done in the exercise of ordinary care is for a jury to answer.

Also see the cases of *Savannah Theatres Co.* v. *Brown,* 36 *Ga. App.* 352 (136 S. E. 478) and *Hall* v. *Davis,* 75 *Ga. App.* 819 (44 S. E. 2d 685).

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*