39878. HICKS v. M. H. A., INC. et al.

DECIDED FEBRUARY 1, 1963.

*John P. Nixon, Sanders, Thurmond, Hester & Jolles, Sell & Comer, John D. Comer, Glenn B. Hester,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, William C. Reed, J. Walker Harper,* contra.

EBERHARDT, Judge. ■ The motion to dismiss the writ of error is denied for the reasons stated in the corresponding headnote.

■ Defendants urge the following grounds for sustaining the demurrers, viz: (a) plaintiff was guilty of contributory negligence; (b) defendants had neither knowledge nor notice of plaintiff's presence; and (c) defendants had neither knowledge nor notice that the described events would be dangerous.

■ *Contributory negligence.* We are urged to decide that plaintiff is barred here by her own negligence as a matter of law in that it can be assumed that plaintiff saw the crowd of "four or five thousand persons" gathered for the plate-dropping event and got out of the car anyhow. Plaintiff counters by alleging that she "did not know that the paper plates had just been dropped or were to be dropped." However, as was aptly expressed by Judge Custer: "The plaintiff need not negative the defense of contributory negligence in her petition, and it will not be dismissed on demurrer for this reason unless the petition affirmatively discloses facts demanding such conclusion as a matter of law," and "The general rule is that, where the minds of reasonable men may disagree as to the factum of negligence, or of whose negligence caused the injury, the jury and not the court is the proper instrument to evaluate the facts, and draw

the proper conclusion." *Redding v. Sinclair Refining Co.*, 105 Ga. App. 375, 377 (124 SE2d 688) and citations. We leave this matter to the jury.

█ *Plaintiff's status.* A portion of this argument is related to plaintiff's status in the parking lot, defendants urging that plaintiff is a mere licensee, with the resultant lesser duty on the part of defendants. *Code* § 105-402. We think that the approach of this court and the Supreme Court in the case of *Cooper v. Anderson*, 96 Ga. App. 800 (101 SE2d 770) aff'd on certiorari, 214 Ga. 164 (104 SE2d 90), and cases following it makes it clear that invitees within *Code* § 105-401 are a very broad category. Plaintiff alleges generally that she was an invitee. Even so, defendants advance the proposition that the further specific allegation that plaintiff was going to the Kwik-Chek store negates any business relationship between the parties (plaintiff and defendant) relying on *Cook v. Southern R. Co.*, 53 Ga. App. 723, 725 (187 SE 274) and similar cases. But all of these cases must be viewed in the light of *Cooper v. Anderson*, 96 Ga. App. 800 and 214 Ga. 164, supra. Certainly, these defendants have "some interest"[1] in plaintiff's visit, for the success of their shopping center venture largely depends upon whether their tenants do a satisfactory volume of business. She was an invitee, and defendants owed her the duty of using ordinary care not to injure her in the place where invited. *Spindel v. Gulf Oil Corp.*, 100 Ga. App. 323 (2) (111 SE2d 160).

This being the case, specific or actual knowledge of this plaintiff's presence is not necessary because the defendants reasonably could have anticipated the presence of plaintiff and others. See generally, Annot. 26 ALR2d 468.

█ *Notice and foreseeability.* This aspect of the case involves both the notice to defendants and the foreseeability of the harm to plaintiff. No actual notice to the defendants is alleged and defendants urge actual notice as necessary. Plaintiff

---

[1]This terminology is from *Anderson v. Cooper*, 214 Ga. 164, 169, supra, where the test is stated as "whether or not the owner or occupant of the premises will receive some benefit, real or supposed, or has some interest in the purpose of the visit."

alleges both that the landlord's duty to invitees cannot be delegated and that the Association was the defendants' agent. While we are not prepared to agree with the former proposition (it being an allegation of a conclusion of law), the latter allegation of agency is good as against general demurrer. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (58 SE2d 559). And, the knowledge of the agent is the knowledge of the principal. 1. E. G. L., p. 677, Agency, § 141. This knowledge would extend to the first anniversary promotion, the crowd which gathered on that occasion and to the fact that the second anniversary promotion was planned and a similar event was to be held.

The defendants' duty is one of ordinary care to an invitee such as plaintiff. *Code* § 105-401. It is too well settled to require citation that whether a course of conduct (or non-conduct) amounts to ordinary care is usually a jury question. Foreseeability of the alleged conduct of a crowd of four or five thousand persons competing for merchandise prizes dropped from an airplane is also for jury solution, probably even without the additional factor of the crowd's conduct at the first anniversary event. See generally, Annot. 20 ALR2d 8; *Metropolitan Transit System v. Burton*, 103 Ga. App. 688 (120 SE2d 663).

The court should let the jury solve these questions. The general demurrer was improperly sustained. *Netherland v. Pacific Employers Ins. Co.*, 101 Ga. App. 837 (115 SE2d 122).

*Judgment reversed. Felton, C. J., and Russell, J., concur.*