43987. SHOCKLEY v. ZAYRE OF ATLANTA, INC. et al.

SUBMITTED OCTOBER 8, 1968—DECIDED NOVEMBER 19, 1968.

*P. C. King, Jr.,* for appellant.
*Greene, Buckley, DeRieux, Moore & Jones, John D. Jones, C. W. Eberhardt,* for appellees.

HALL, Judge. 1. The following is shown by the plaintiff's deposition: While the plaintiff was shopping in the defendant's store she was attacked by a woman named Hillman who cut her on the arm with a razor. About a year earlier Hillman had made threats against the plaintiff and the plaintiff had taken a peace warrant out against her. At the time of the incident sued upon the plaintiff was standing in the check-out line about 10 feet from the cashier when Hillman spoke to her and cursed, and then got in the line and continued cursing and threatening the plaintiff; "and she said that I had roots on her husband . . . [meaning] some kind of way you use voodoo

on people." Both the plaintiff and Hillman were in the view and hearing of the cashier. Hillman then got out of the line and approached the plaintiff cursing and talking loud and had a razor out. When the paintiff saw Hillman had the razor she screamed for her girl friend, who was also in the line, to take the razor from Hillman. The other customers in the line jumped out of the way and at this time the plaintiff and Hillman were right at the check-out counter, in sight and hearing of the cashier. The plaintiff and Hillman scuffled across the floor. An employee of the defendant and a shopper separated the two, and the employee held the plaintiff and the shopper was holding Hillman when Hillman reached out and cut the plaintiff. The plaintiff stated that before the employee held her she had avoided being cut by holding Hillman's hand, and it seemed to her that if the employee had not been holding her, Hillman would not have cut her, as she could not protect herself while being held. The plaintiff could not swear but believed the person who held her was an employee of the defendant because another apparent employee directed him to bring the plaintiff and Hillman into the office and said they would have to call the police, and then directed him to go and get bandages. The plaintiff stated in her affidavit that the defendant's employees knew that Hillman had a razor and had threatened the plaintiff. The defendant's answers to interrogatories show that two named employees of the defendant saw the scuffle between the plaintiff and Hillman.

The proprietor of a business has a duty, when he can reasonably apprehend danger to a customer from the misconduct of other customers or persons on the premises, to exercise ordinary care to protect the customer from injury caused by such misconduct. "The duty is defined by the law; the breach of that duty is determined by the particular facts. . . This is usually a question to be referred to the jury, and should always be so referred, unless the allegations [or evidence] show beyond controversy that there was no such breach of duty. . ." *Moone v. Smith,* 6 Ga. App. 649, 650, 652 (65 SE 712); *Stewart v. Mynatt,* 135 Ga. 637, 640 (70 SE 325); *Savannah Theatres Co. v. Brown,* 36 Ga. App. 352 (136 SE 478). When the conduct of

persons on the premises is such that the proprietor from known facts or circumstances should reasonably apprehend danger to other customers, it is his duty to interfere to prevent injury, and the failure to interfere when the proprietor has an opportunity to foresee and prevent injury may constitute negligence. *Great A. & P. Tea Co. v. Cox*, 51 Ga. App. 880 (181 SE 788); *Hall v. Davis*, 75 Ga. App. 819 (44 SE2d 685); *Adamson v. Hand*, 93 Ga. App. 5 (90 SE2d 669); *Ga. Bowling Enterprises v. Robbins*, 103 Ga. App. 286 (119 SE2d 52). "No matter how innocent the plaintiff may be, he is not entitled to recover unless the defendant did something that it should not have done, or failed to do something it should have done pursuant to the duty owed the plaintiff. . . The owner is not the insurer of the safety of guests." *Veterans Organization of Ft. Oglethorpe v. Potter*, 111 Ga. App. 201, 205, 206 (141 SE2d 230).

The gist of the plaintiff's contention is that the defendant's employees saw or should have apprehended that the plaintiff was in danger and failed to exercise ordinary care to protect her by restraining her rather than leaving her free to protect herself from Hillman. While a business proprietor has a duty, as stated above, *to exercise ordinary care* to protect persons on its premises as business invitees from foreseeable dangerous conduct of others, we know of no authority holding that this duty of *ordinary care* requires the proprietor to intervene to save a business invitee from an assault arising from the assailant's personal malice toward the victim. See 65 CJS 883, § 63 (118). Persons generally do not have such a duty toward others, though we are aware that it has been held that a person who intervenes in a personal altercation is bound to exercise ordinary care in his rescue efforts.

The issue in this case is whether the defendant's employees, having undertaken to prevent injury, were negligent in the manner in which they attempted to do so in view of what they had observed, i.e., were the efforts of the defendant's employees after notice of the misconduct of Hillman or the means of protection they used such as an ordinarily prudent proprietor would use under the circumstances in view of what he saw and heard. *Swope v. Farrar*, 66 Ga. App. 52, 56 (17 SE2d 92). Could

reasonable minds differ as to whether the employees did something they should not have done or failed to do something they should have done as reasonably prudent persons in view of the circumstances and their knowledge? *Veterans Organization v. Potter*, supra. It appears that the defendant's employees did apprehend danger and made an effort to prevent injury. We may infer favorably to the plaintiff that the cashier at the check-out counter saw and heard the entire incident which, according to the plaintiff's testimony, was obviously an attack growing out of personal malice of Hillman toward the plaintiff. Two other employees observed the "scuffle." The evidence does not show that the employee who held the plaintiff had any knowledge that would have enabled him to foresee that the action he took was not a reasonable attempt to prevent injury, or that some other action would have been better, such as leaving the plaintiff unrestrained or additionally restraining Hillman. Reasonable foresight does not require anticipation of exactly what will happen and perfect judgment of what is necessary to prevent injury. "Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness." 2 Harper & James, Law of Torts 929, § 16.9. Negligence is predicated on "faulty or defective foresight rather than on hindsight which reveals a mistake." *Misenhamer v. Pharr*, 99 Ga. App. 163, 168 (107 SE2d 875); *Daneker v. Megrue*, 114 Ga. App. 312 (151 SE2d 157).

The evidence presented in support of the motion for summary judgment shows that there is no genuine issue that the defendant failed to exercise ordinary care to prevent injury from reasonably foreseeable danger to the plaintiff as a business invitee.

2. A motion for summary judgment is not subject to dismissal for the reason that it does not specify the grounds upon which it relies. *Benefield v. Malone*, 110 Ga. App. 607, 609 (139 SE2d 500).

3. The plaintiff contends in her enumerations of error that the trial court erred in hearing the motion for summary judgment, filed on April 5, 1968, without first passing on motions made by the plaintiff, including her motion to compel the de-

fendant to fully answer interrogatories and her motion for contempt. The record shows that all the motions pending in the case came on for hearing on May 22, 1968, and on that date by agreement of counsel the time for hearing of all the motions was extended to May 29, 1968, and the court ordered that meanwhile, "neither plaintiff nor defendant Zayre of Atlanta, Inc. shall file any other, further or additional motions. . ." The plaintiff argues that this precluded her from further discovery. The record does not show that there was a hearing on May 29, but shows that, the motion for summary judgment "having come on regularly . . . for a hearing, and after hearing arguments of counsel for the parties," an order was entered sustaining the motion for summary judgment on July 16, 1968. The record does not show that the plaintiff at this hearing sought a continuance for further discovery or opposed the determination of the motion for summary judgment for the reasons she now advances. See Ga. L. 1966, pp. 609, 660, as amended; *Code Ann.* § 81A-156 (f). Therefore these are not good grounds for appeal to this court. *King v. Fryer,* 107 Ga. App. 715, 717 (131 SE2d 203); *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 148 (132 SE2d 90); *Phillips v. South Cobb Bank,* 117 Ga. App. 137 (159 SE2d 495).

The trial court did not err in granting the defendant's motion for summary judgment.

*Judgment affirmed. Bell, P. J., and Quillian, J., concur.*