## 45586. SATCHER v. JAMES H. DREW SHOWS, INC.

EVANS, Judge. 1. This is an appeal from the dismissal of a complaint for failing to state a claim upon which recovery could be had in which the trial court sustained a motion to dismiss. The

motion to dismiss in this court is based upon the failure to follow the rules in the preparation of the brief of counsel for appellant, in that he failed to specify the pages of the record essential to a consideration of the error complained of. We hold this motion to be without merit since the appeal is from the dismissal of a petition of not more than two pages and is easily found in the record.

2. The motion to dismiss the appeal because it was not transmitted to this court within twenty days after the date of filing of the notice of appeal as required by Ga. L. 1965, p. 18, Ga. L. 1966, pp. 493, 497, and no extension of time was granted, is likewise denied. The clerk, on June 24, 1970, certified that the reason for the delay was "heavy office work load." It is noted that on May 28, 1970, the appellee in the lower court under the authority of Ga. L. 1965, p. 18 (*Code Ann.* § 6-809 (b)) made a motion to dismiss the appeal on the ground of unreasonable delay, which was heard and denied by the lower court. The clerk attached to these papers an amended certificate that the reason for delay was "heavy office work load to 5/25/70 . . . and after 5/25/70 for non-payment of costs to carry up," which was dated July 2, 1970. It is noted that the appeal was filed in this court on June 29, 1970, and due to the conflict in the clerk's certificate and amended certificate, together with the ruling of the lower court on the motion to dismiss, we will not attempt to unravel this controversy. The court had jurisdiction of the appeal when it reached this court on June 29, 1970, and we will not investigate further to determine our jurisdiction due to the confused status of the record.

3. The basic premise of the new civil procedure is that it does away with issue pleadings and substitutes notice pleadings, hence, a petition should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim thereunder which would entitle him to relief. See *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (2) (163 SE2d 327); *American Southern Ins. Co. v. Kirkland,* 118 Ga. App. 170 (162 SE2d 862). The petition alleges that plaintiff's wife was injured as a paying customer in an amusement machine operated by the defendant known as Bumper Cars;

that one of said cars ran into the petitioner causing permanent injury to her neck, and that said cars caused the injury while being operated by inmates of a mental institution. The petition alleges the defendant was negligent in allowing said inmates to converge on the plaintiff's wife and injure her. Under our present notice pleadings the plaintiff alleged a claim for the relief sought. *Moone v. Smith,* 6 Ga. App. 649 (2) (65 SE 712); *Hall v. Davis,* 75 Ga. App. 819 (44 SE2d 685); *Savannah Theatres v. Brown,* 36 Ga. App. 352 (136 SE 478); *Stewart v. Mynatt,* 135 Ga. 637 (70 SE 325); *Shockley v. Zayre of Atlanta, Inc.,* 118 Ga. App. 672, 673 (165 SE2d 179).

*Judgment reversed. Hall, P. J., and Deen, J., concur.*
SUBMITTED SEPTEMBER 16, 1970—DECIDED SEPTEMBER 30, 1970.

*Starkey S. Flythe,* for appellant.
*Cumming, Nixon, Yow, Waller & Capers, Richard E. Allen,* for appellee.