### 49197. BELK-HUDSON COMPANY v. DAVIS.

WEBB, Judge.

Mrs. B. D. Davis brought suit against the proprietor of a clothing and dry goods store seeking to recover for injuries which she allegedly sustained in a fall on the premises while proceeding up an aisle to the front of the store carrying packages in her arms. She alleged in her complaint that "she was violently and forcefully knocked and thrown down by youths who were running, pushing and shoving in said business establishment," and that defendant was negligent " in knowingly permitting said youths to run, push, shove, and play in said business establishment thereby doing injury to the plaintiff as

aforesaid." The jury returned a verdict in plaintiff's favor, and defendant appeals from the judgment enumerating as error, inter alia, the denial of its motion for directed verdict made at the close of all the evidence. *Held:*

1. (a) "1. It is the duty of one who invites members of the general public to come to his place of business to protect such customers or invitees from injury caused by misconduct of his own employees in the conduct and scope of his business, and from the misconduct of other persons who come upon the premises.

"2. If the conduct of such employees outside of the scope of their employment, or of third persons or customers, is such as to cause any reasonable apprehension of danger to other customers or invitees because of such conduct, it is the duty of the proprietor to interfere to prevent probable injury; and a failure so to interfere, and consequent damage, will subject such proprietor to an action for damages for such negligent failure to prevent the injury.

"3. *This duty of interference on the proprietor's part does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger." Great Atlantic & Pacific Tea Co. v. Cox,* 51 Ga. App. 880 (181 SE 788). (Emphasis supplied.) Thus where the proprietor has no notice of dangerous conduct on the part of customers or third persons on the occasion in question, he cannot be held liable for injuries to an invitee resulting from that conduct. *Great Atlantic & Pacific Tea Co. v. Cox,* 51 Ga. App. 880, supra; *Davidson v. Harris, Inc.,* 79 Ga. App. 788 (54 SE2d 290) and *Davidson v. Harris, Inc.,* 81 Ga. App. 665 (59 SE2d 551); *Lincoln v. Wilcox,* 111 Ga. App. 365 (141 SE2d 765). See also *Stewart v. Mynatt,* 135 Ga. 637, 639 (3) (70 SE 325); *Covington v. S. H. Kress & Co.,* 102 Ga. App. 204 (115 SE2d 621); *Shockley v. Zayre of Atlanta, Inc.,* 118 Ga. App. 672 (165 SE2d 179).

(b) Construing the evidence in a light most favorable to plaintiff in the instant case, we are constrained to hold that she has failed to produce evidence to show that defendant's manager or other

employees had notice of any dangerous conduct on the occasion in question. The evidence is in conflict as to whether plaintiff, walking along with packages at chin level, failed to see a small two-year-old child standing with his mother and stumbled over him, or whether, as plaintiff contends, 2 or more children ran into her from behind and knocked her down. Accepting her version of the fall, however, the evidence is deficient in showing that prior to the fall defendant's employees had knowledge that the children were "running, pushing and shoving" as alleged in the complaint. While plaintiff testified that prior to her purchase, "I just saw the children running and playing in the store," there is no evidence that they were pushing and shoving, nor is there evidence to indicate how long they may have been running and playing. There is some evidence to indicate that children had played in the store on other occasions while their parents were shopping, that this upset and worried the manager, and that he had corrected the children on those occasions. However, he was on another floor at the time of the occurrence complained of, and there is no evidence that either he or any employee became aware of any dangerous playing or running in sufficient time to correct it. The instant case is thus governed by the authorities cited in Division 1 (a) above, rather than by *Moone v. Smith,* 6 Ga. App. 649 (65 SE 712), *Savannah Theaters Co. v. Brown,* 36 Ga. App. 352 (136 SE 478), *Swope v. Farrar,* 66 Ga. App. 52 (17 SE2d 92), *Hall v. Davis,* 75 Ga. App. 819 (44 SE2d 685), *Adamson v. Hand,* 93 Ga. App. 5 (90 SE2d 669) and similar cases, where the various defendants had knowledge of the misconduct resulting in the injury.

(c) Plaintiff contends that since defendant's employees knew that children had played in the store on other occasions while their parents were shopping, defendant should have foreseen that they would do so on this occasion. Of course everyone knows that children will play, that crowds will jostle, and that rain will fall and be tracked into stores. The question remains, however, as to the duty required of the proprietor under these circumstances.

"In a number of cases the alleged failure of the

proprietor to have his establishment properly supervised or staffed by sufficient numbers of attendants was asserted as the basis of the proprietor's negligence. Generally speaking, in the absence of extraordinary circumstances which make it appear likely that a customer may suffer injuries through the pushing of other customers, there exists no duty of the proprietor to provide attendants, ushers, or other supervisory personnel to safeguard customers against such an exigency." Annot., "Liability of proprietor for injury to customer or patron caused by pushing, crowding, etc., of other patrons," 20 ALR2d 8, 32, § 13. Compare the extraordinary circumstances in *Hicks v. M.H.A., Inc.,* 107 Ga. App. 290 (129 SE2d 817) (proprietor of shopping center conducting a promotional activity and patron knocked down in shopping center parking lot by crowd rushing to get paper plates being dropped from airplane and redeemable for merchandise at shopping center stores).

There is no evidence in the record that anyone had previously been injured in defendant's store as a result of children running and playing. The only evidence that children were even playing on the occasion in question was the testimony of plaintiff. If any danger should have been apprehended from this situation, plaintiff had knowledge of it equal or superior to that of defendant, which had no actual knowledge. " 'The mere ownership of land or buildings does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he had invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. *The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property.* It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted.' " *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 173 (138 SE2d 77).

Thus although a proprietor may know that water

will be tracked into his store because it is raining, a plaintiff entering the store from the inclement weather also knows it, and there is no duty on the proprietor's part to be continuously mopping and drying the floor. *Sears, Roebuck & Co. v. Reid,* 132 Ga. App. 136 and cases collected. By analogy, if defendant here should have foreseen that children would be playing on the occasion in question, plaintiff had actual knowledge of it and defendant did not, and there was no duty on defendant's part to be constantly patrolling the premises or to provide a corps of ushers and escorts to safeguard its patrons against every possible exigency.

The major premise of plaintiff's argument here is that children play necessarily implies that children are dangerous. We do not accept the truth of this premise and hold that something more must be shown in cases of this sort. Even dogs are entitled to one bite (*McCree v. Burks,* 129 Ga. App. 678 (200 SE2d 491)), and horses to one kick (*Rodriguez v. Newby,* 131 Ga. App. 651). With the major premise fallen, the whole argument made here — that because children had *played* in the past, defendant should have foreseen *danger* in the future — comes crashing down. Children have not, as yet, been classified as inherently dangerous instrumentalities, and we are not prepared to do so now. Nor are we at liberty to perform the legislative function of abolishing the fault concept in premises liability cases. Accordingly we hold that the trial court erred in denying defendant's motion for directed verdict, and the judgment is reversed with direction to enter judgment in accordance with the motion. CPA § 50 (e) (Code Ann. § 81A-150 (e)).

2. Remaining enumerations of error are not passed upon.

*Judgment reversed with direction. Bell, C. J., Eberhardt, P. J., Pannell, P. J., Quillian, Clark, and Stolz, JJ., concur. Deen J., dissents.*

ARGUED APRIL 2, 1974 — DECIDED APRIL 24, 1974 — REHEARING DENIED JUNE 28, 1974.

*Tillman, Brice, McTier & Coleman, John T. McTier,*

for appellant.

*Farrar & Farrar, Arthur C. Farrar, Curtis Farrar,* for appellee.

DEEN, Judge, dissenting on rehearing.

After verdict, the evidence is to be construed in such manner as to uphold the decision of the jury if possible. There is testimony in this case that the store manager complained, immediately after the plaintiff was knocked down by children running in the store that "I have watched them play all over my store and it worries me" and that people turned children loose in the store "like a bunch of hogs." There was also evidence that children were running and playing in the store as the plaintiff entered, and that it was very crowded. There is also evidence that the manager was present on the premises, although he may not have been on the floor at the moment of the accident.

It is the duty of the proprietor, by himself or his employees, to interfere where there is *reasonable apprehension of danger* to customers and others lawfully on the premises. *Great A. & P. Tea Co. v. Cox,* 51 Ga. App. 880 (181 SE 788). This involves a question of foreseeability, where there is evidence that the same condition has occurred at a prior point in time. *Shockley v. Zayre of Atlanta, Inc.,* 118 Ga. App. 672 (165 SE2d 179). I believe that whether or not the defendant, through its manager and other employees, should have apprehended danger from children running (they having previously been put on notice that this occurred in the store, and having failed to take effective steps as to this particular incident) in view of the testimony of the manager and two other witnesses that they had seen children running and playing in this manner "quite a few times" before, the factual situation is such that it was for the jury to determine whether the defendant's employees took the reasonable precautions which an ordinarily prudent person would do under these circumstances and with this knowledge to attempt to control the irresponsible playing of children within the building. The jury found that they did not.

On re-examining the evidence I am convinced that

the trial court did not err in refusing to direct a verdict, and that this court should not direct that a judgment notwithstanding the verdict be entered.