41150.   LINCOLN v. WILCOX, by Next Friend.
41151.   LINCOLN v. WILCOX.

DECIDED MARCH 17, 1965.

*Laurie K. Abbott, William T. Braziel,* for plaintiff in error.

*Pierce, Ranitz & Lee, Thomas J. Mahoney, Jr.,* contra.

FELTON, Chief Judge. *Code* § 105-401 provides: "Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe." Since there is no allegation that the physical condition of the premises was unsafe, the sole question involved is whether or not the petition shows that there was a duty on the part of the proprietor, under the alleged circumstances, to exercise ordinary care to prevent the particular injury to this invitee, caused by the alleged negligence of a co-invitee.

"It is the duty of a proprietor to protect an invitee from injury caused by the *misconduct* of employees, customers and third persons if there is any reasonable apprehension of danger from the conduct of said persons or if injury could be prevented by the proprietor through the exercise of ordinary care and diligence. *Moone v. Smith,* 6 Ga. App. 649 (1) (65 SE 712)." (Emphasis supplied.) *Georgia Bowling Enterprises v. Robbins,* 103 Ga. App. 286, 288 (119 SE2d 52); *Adamson v. Hand,* 93 Ga. App. 5 (90 SE2d 669). The above cases all involved tortious acts, or misconduct, whereas the co-invitee's act in the case at bar is alleged to be one of mere negligence. "A proprietor of premises is not an insurer of the safety of persons thereon against all acts of co-invitees, and when it has used ordinary care to keep the premises safe it is not guilty of negligence. *Hill v. Davison-Paxon Co.,* 80 Ga. App. 840 (57 SE2d 680)." *Watson v. McCrory Stores, Inc.,* 97 Ga. App. 516, 519 (103 SE2d 648). In the present case it is not alleged that the co-invitee or any others, prior to the occurrence of the injury, had been engaged in any "horseplay" or misconduct which would have put the proprietor on notice that the safety of the other invitees was in jeopardy. On the contrary, it is alleged merely that he "dived off the diving board into the pool and with his body struck Brenda Dale's face," etc. As was pointed out in the case of *Georgia Bowling Enterprises v. Robbins,* supra, at page 288, if the resulting injury happened suddenly and without warning and the defendant

could not, by the exercise of reasonable care, have discovered or prevented it, there could be no recovery. The duty of the proprietor to interfere to prevent probable injury does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger. *Great A. & P. Tea Co. v. Cox,* 51 Ga. App. 880 (3) (181 SE 788).

Even if the present proprietor was under a duty to apprehend the danger of such injuries because of the nature of the enterprise, the petition does not allege facts which would show that he did not exercise ordinary care in the supervision of the premises. It is not alleged that the proprietor had no employees at the pool, but merely that, if he had any, they could have seen anyone in and/or under the water. In the absence of allegations of fact supporting the specifications of negligence as to inadequate supervision, they are mere conclusions of the pleader. Furthermore, there is no showing that proper supervision could have prevented the occurrence of such an injury. Even if a lifeguard was stationed by the diving board to supervise its use, it would be impossible and unreasonable to require him to anticipate every possible negligent act which might result in injury. Where the judgment of each individual invitee is involved, as in this situation, it would be virtually impossible to detect such negligence before the diver had actually dived off the diving board, at which time it would be too late for warnings. "The basis of the proprietor's liability is his superior knowledge and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting, in view of his knowledge, assumes the risks and dangers incident to the known condition." *Hunt v. Thomasville Baseball Co.,* 80 Ga. App. 572 (56 SE2d 828); *Tatum v. Clemones,* 105 Ga. App. 221, 225 (124 SE2d 425). While this duty to exercise ordinary care for the safety of an invitee is greater when the latter is a child of tender years, as is the case here, yet such owner is not an insurer of the safety of the child, and accordingly is not liable for injuries resulting solely from misuse of otherwise safe

premises by a third party, where such misuse is unknown to the owner and unanticipated by him. *Augusta Amusements, Inc. v. Powell,* 93 Ga. App. 752 (92 SE2d 720).

For the above reasons, the court erred in overruling the renewed general demurrers to the petitions as amended.

*Judgments reversed. Jordan and Russell, JJ., concur.*