## 69595. ELLIOTT v. BURKHALTER et al.
(327 SE2d 858)

CARLEY, Judge.

Appellee-defendant Burkhalter operates a beauty shop in a shopping center that is owned by the other appellee-defendants. On the day in question, appellant-plaintiff was a customer in the beauty shop. As appellant stepped from the shop onto the sidewalk, she was struck by a twelve-year-old boy who was riding his bicycle. Appellant filed the instant suit, alleging that the physical injuries that she had sustained were the result of appellees' negligence. After discovery, appellees moved for summary judgment. Appellees' motions were granted and appellant appeals.

1. Appellant contends that genuine issues of material fact remain regarding appellees' negligence in allowing the sidewalk to be used by bicyclists in general. "An occupier of land is liable for injuries sustained by an invitee upon his premises through a dangerous condition created by a third person only after the occupier has knowledge of, or by the exercise of ordinary care could have discovered, the hazardous condition, and then fails to use reasonable care to eliminate it. [Cit.]" *Bowling v. Janmar, Inc.*, 142 Ga. App. 53, 54 (234 SE2d 849) (1977). The instant case does not involve injuries inflicted as the result of foreseeable intentional criminal activity on the shopping center premises. Compare *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). Appellant was injured when struck by a twelve-year old child riding his bike on the sidewalk. See *Lincoln v. Wilcox*, 111 Ga. App. 365 (141 SE2d 765) (1965). The undisputed evidence of record is that no such collision had ever before occurred on the premises. Although there was some evidence that appellees had previous knowledge that children rode their bikes on the sidewalks, that in itself does not demonstrate that appellees had a duty to provide a constant patrol to prevent such activity from ever occurring on its premises. "Where there are no conditions making the premises unusually dangerous, the law does not require the proprietor to provide a constant patrol. [Cit.]" *Emory Univ. v. Williams*, 127 Ga. App. 881, 883 (195 SE2d 464) (1973). "Children have not, as yet, been classified as inherently dangerous instrumentalities ˆ. . . ." *Belk-Hudson Co. v. Davis*, 132 Ga. App. 237, 241 (207 SE2d 528) (1974).

2. There being no general duty on appellees to maintain a constant patrol to keep the sidewalk clear of children on bikes at all times, the issue becomes whether they had "notice of [the] dangerous conduct on the part of [the child] *on the occasion in question . . . .* [Cits.]" (Emphasis supplied.) *Belk-Hudson Co. v. Davis*, supra at 238. "Knowledge by the owner or 'occupier' or his employee of *the* dangerous condition created by a third person is a prerequisite to recovery . . . . [Cits.]" (Emphasis supplied.) *Holiday Inns v. Newton*, 157 Ga.

App. 436, 437 (278 SE2d 85) (1981). "The duty of the proprietor to interfere to prevent probable injury does not begin until the danger is apparent, or the circumstances are such as would put an ordinarily prudent man on notice of the probability of danger. [Cit.] *Lincoln v. Wilcox*, supra at 368.

According to appellant, she "had just stepped out the door, and the next thing [she] knew, [she] was on the ground." The time that elapsed between appellant's act of stepping into the path of the bicyclist, and being struck was "[j]ust about a second or so." " 'If the altercation and resulting injury happened suddenly and without warning and the defendant could not, by the exercise of reasonable care, have discovered or prevented it, there [can] be no recovery.' [Cit.]" *Bowling v. Janmar, Inc.*, supra at 55. The evidence of record shows that appellant's injuries were the result of just such a sudden and unexpected occurrence. Under that evidence, the trial court did not err in granting appellees' motions for summary judgment. "This is not a case where the defendant-appellee[s] [were] aware of a 'dangerous condition' created by other invitees and *chose* to do nothing about it. [Cits.]" (Emphasis supplied.) *Bowling v. Janmar, Inc.*, supra at 54.

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED MARCH 8, 1985.

*James A. Elkins, Jr.*, for appellant.
*Allen C. Levi, William B. Hardegree*, for appellees.