A93A2175. ALLEN v. CRAWFORD.
(438 SE2d 178)

BIRDSONG, Presiding Judge.

Mary Allen, individually and next friend of Latosha Allen, an incapacitated minor child, sued Angela Crawford, Latosha's special edu-

cation teacher at Houston County High School, for damages arising from the beating or striking or spanking of Latosha Allen by Crawford's aide, Irene Bender. The beating or spanking occurred when Bender was in the bathroom with Latosha Allen. Bender was indicted for a criminal offense for the act.

Mary Allen's claims against Crawford are based on negligent supervision of Irene Bender, and res ipsa loquitur. The trial court granted summary judgment to Crawford. *Held*:

1. (a) In her appeal, Allen does not contend that appellee Crawford had ever seen Bender strike Latosha or any student. Appellant argues that there is evidence that Bender had seen appellee Crawford strike students and must have assumed she had permission to beat Latosha, or that it was acceptable to beat students. Adjudging the evidence most strongly in favor of appellant Allen on Crawford's motion for summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474)), we shall assume that at least one other teacher had seen Crawford hit or "pop" students, and that "pop" does not mean merely a light tap, as one witness attempted to explain; we shall assume that Bender did not merely "spank" Latosha but that she severely beat Latosha, as Allen claims; and we shall assume that Crawford had struck Latosha in the past.

Nevertheless, those assumed facts do not raise an inference that Crawford's negligent supervision of Irene Bender resulted in Bender's beating Latosha Allen. Appellant asserts that she had seen bruises and marks on Latosha's legs in the past but until this incident occurred, she assumed these marks were caused in the course of child play. She contends Bender beat Latosha on this day because Bender had seen Crawford hit Latosha and this was "the example Bender had to go by." However, we are cited to no actual evidence that Bender had seen appellee Crawford strike Latosha or another student. Another teacher deposed that she had seen Crawford "pop" Latosha or another student in the past and had told Crawford not to do this as there were visitors in the building. This teacher saw appellee Crawford "pop" Latosha on the leg when Latosha did not put an item in a basket as instructed. The teacher worked with other students at a nearby table in the "daily living center." She assumed Crawford's teacher's aid, Irene Bender, had seen Crawford strike Latosha on some occasion because Bender and Crawford worked together in the same room; however, the teacher did not actually know that Irene Bender saw Crawford strike Latosha. Bender herself denied having seen Crawford strike a student. This other teacher did not hear or see anything "out of the ordinary" on the day Irene Bender struck Latosha in the bathroom and did not learn of the incident until later. She did not even know that Bender was in the bathroom with Latosha until she heard appellee Crawford tell another

student not to go in the bathroom because someone else was in there.

From this we shall assume, in appellant's favor, that appellee Crawford knew Irene Bender was in the bathroom with Latosha, but there is no evidence cited to us that Crawford knew Bender was beating or striking Latosha.

Indulging all inferences in appellant's favor, including a general assumption that the teacher's aide Irene Bender learned from Crawford's examples, there is no causal connection between Crawford's having "popped" Latosha in the daily living center on a previous occasion and Bender's alleged "severe beating" of Latosha in the bathroom. There is no evidence that Bender's act was triggered or influenced by her ever having seen Crawford "pop" Latosha or another student. There is no evidence that Crawford knew Bender was beating Latosha in the bathroom, and no evidence that Crawford could have foreseen that Bender would take Latosha in the bathroom and strike her secretly.

" 'One is bound to anticipate and provide against what usually happens and what is likely to happen; *but it would impose too heavy a responsibility* to hold him bound in like manner to guard against what is unusual and unlikely to happen, or what, as it is sometimes said, is only remotely and slightly probable.' *Yarbrough v. Cantex Mfg. Co.*, 97 Ga. App. 438, 440 (103 SE2d 138) and cit. 'The general test in such cases is not whether the injurious result or consequence was possible, but whether it was probable; that is, likely to occur according to the usual experience of persons.' *Whitaker v. Jones [&c.] Co.*, 69 Ga. App. 711, 716 (26 SE2d 545)." *Covington v. S. H. Kress & Co.*, 102 Ga. App. 204, 205 (115 SE2d 621). There can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent, intervening, act of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. *Knudson v. Lenny's*, 202 Ga. App. 85, 86 (413 SE2d 258). It cannot be speculated that if Crawford had never "popped" a student herself, Bender would not have struck or severely beat Latosha in the bathroom.

(b) Further, the claim is negligent supervision. Bender's learning by Crawford's example is not to be equated with Crawford's *supervision* of Bender as teacher's aide. Even if Crawford could reasonably foresee that Bender might inflict injury on a student because Crawford herself had "popped" a student or students in the past, there is no evidence that Crawford did not exercise ordinary care in the supervision of Bender on this occasion. "In the absence of allegations of fact supporting the specifications of negligence as to inadequate supervision, they are mere conclusions of the pleader. *Furthermore, there is no showing that proper supervision could have prevented*

*the occurrence of such an injury.*" (Emphasis supplied.) *Lincoln v. Wilcox*, 111 Ga. App. 365, 368 (141 SE2d 765).

No genuine issue of material fact remains by which a jury could find Crawford liable for negligent supervision of Bender causing or resulting in Bender's beating of Latosha Allen.

2. As to the theory of res ipsa loquitur, it must be shown that the injury was caused by an agency or instrumentality within the *exclusive* control of the defendant. *Bridgestone Firestone v. Green*, 198 Ga. App. 858, 861 (403 SE2d 442). Appellant contends the injuries arising out of Bender's severe beating of Latosha could not have occurred at Latosha's home or on the school bus, or anywhere except while Latosha was in Crawford's control and supervision. However, the school bus driver stated in an affidavit that he had never seen anyone injure Latosha on the bus; he did not say Latosha could not possibly have been injured on the bus. In any case, it is not disputed that Irene Bender struck Latosha while they were in the bathroom, with the door closed. It therefore cannot be said that the injury occurred while Latosha was in Crawford's exclusive control and supervision.

The trial court did not err in granting summary judgment to the defendant.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 22, 1993.

*Lucas & Associates, Kenneth E. Lucas, Adams & Adams, Charles R. Adams III*, for appellant.

*Llewellyn & Swanson, Mark R. Swanson, Garland & Samuel, Donald F. Samuel*, for appellee.