786 So.2d 418 (2001)
Michael Ray THOMAS, Appellant
v.
A.H. SMITH, Jr. d/b/a Fawn Grove Restaurant, Appellee.
No. 1999-CA-01819-COA.
Court of Appeals of Mississippi.
January 16, 2001.
Rehearing Denied March 20, 2001.
Certiorari Denied May 24, 2001.
*419 Nancy Allen Wegener, Clarksdale, Attorney for Appellant.
William O. Luckett, Jr., Clarksdale, Jonathan Masters, Attorneys for Appellee.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Michael Ray Thomas, in a suit filed in the Circuit Court of Itawamba County, claimed he was injured when a chair he was sitting in collapsed. The incident occurred in a restaurant owned and operated by the defendant, A.H. Smith, Jr. at a time when Thomas was a customer of the business. At the close of the evidence presented on behalf of Thomas, the trial court directed a verdict in favor of the defendant, based on a finding that Thomas had failed to present any evidence of negligence on the defendant's part. Thomas has perfected this appeal. We reverse and remand.
¶ 2. The trial court may direct a verdict for the defendant at the close of the plaintiff's proof under authority of Mississippi Rule of Civil Procedure 50(a) if, in the opinion of the court, the plaintiff has failed to present credible evidence to establish the necessary elements of his right to recover. Hall v. Mississippi Chem. Express, Inc., 528 So.2d 796, 798 (Miss. 1988). The court must consider all evidence then before it in the light most favorable to the plaintiff and must concede to the plaintiff all favorable inferences that could reasonably be said to arise from that evidence. Benjamin v. Hooper Electronic Supply Co., Inc., 568 So.2d 1182, 1187 (Miss.1990). Only if, viewed in that light, the court determines that the matter is so overwhelmingly in favor of the defendant that no reasonable juror could find for the plaintiff, should the court direct a defendant's verdict. Id.
¶ 3. An appellate court, reviewing a trial court's decision to grant a directed verdict, is obligated to undertake a de novo review of the matter and may not indulge in the presumption that the trial court's decision was correct. In re Will of Smith, 722 So.2d 606 (¶ 17) (Miss.1998).
¶ 4. In this case, viewed in the light most favorable to Thomas, the evidence shows that a restaurant chair, believed to be at least ten years old, in which Thomas was sitting while a customer in Smith's restaurant, suddenly and without warning collapsed, causing Thomas to fall violently to the floor. The broken remnants of a chair were produced at trial and introduced into evidence. This evidence showed that, at some point in the past, the chair had been repaired with a series of wood screws. Further evidence verified that Smith and others working in the restaurant had, from time to time, found certain chairs had become "wobbly" and that, when such a chair was discovered, it was either repaired by Smith and returned to service or, if beyond repair, was discarded.
¶ 5. There appears to have been a disputed issue of fact as to whether the chair produced at trial was, in fact, the same chair in which Thomas was sitting when he fell to the floor. Thomas testified that he left the restaurant immediately after he fell and admitted during his testimony that he could not unequivocally identify the chair remnants as the same chair in which he was sitting, though he testified that it appeared similar in all respects. There was other evidence that Smith had gathered up the pieces of the chair the day of the incident. These chair remnants were *420 produced by Smith during discovery in response to a specific request to produce the chair in which Thomas was sitting. At trial Smith was asked whether the chair received into evidence was, in fact, the same chair. In response, Smith testified, "To the best of my knowledge it is, but I don't know for positive." It is the view of this Court that, viewing the evidence in the light most favorable to the plaintiff, Smith's testimony would support a reasonable inference under the preponderance of the evidence standard that the chair introduced in evidence was the same one that broke under Thomas's weight. We will consider the matter further using that assumption.
¶ 6. This case is, of course, one sounding in negligence. Therefore, in order to recover, Thomas had the burden of showing by a preponderance of the evidence (a) a definable duty on Smith's part, (b) a breach of that duty, (c) an injury to the defendant proximately caused by that breach, and (d) actual loss or damage to the defendant arising out of the injury. Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993). The duty owed by Smith to Thomas, in a general sense, is found in this State's laws relating to premises liability. As a customer in Smith's restaurant, Thomas occupied the position of a business invitee. Payne v. Rain Forest Nurseries, Inc., 540 So.2d 35, 37 (Miss.1989). Smith's duty, as the person in control of the restaurant premises, was to maintain the premises, which would reasonably extend to chairs intended for the seating of invitees such as Thomas, in a reasonably safe condition. Caruso v. Picayune Pizza Hut, Inc., 598 So.2d 770, 773 (Miss.1992).
¶ 7. Smith successfully urged to the trial court and now urges on appeal that mere proof that the chair broke for unexplained reasons under Thomas's weight does not create a jury issue as to whether Smith breached his duty to provide safe and stable seating for his customers. There appears to be support for such an argument in such cases as Langston v. Kidder, 670 So.2d 1, 5 (Miss.1995). In that case, the Mississippi Supreme Court acknowledged that mechanical devices simply fail unexpectedly from time to time, and that something more than a device's failure must be shown in order to establish a breach of the standard of reasonable care. Id.
¶ 8. However, in this case it appears that Thomas presented evidence reaching beyond the mere unexpected failure of the chair. There was evidence that all the chairs in the restaurant had been there for some time and that, on occasion, chairs were discovered to be in less-than-serviceable condition. Smith and others testified to periodic inspections of all the chairs to attempt to detect those that might be in need of repair; however, there was no evidence as to the regularity or the thoroughness with which these inspections were undertaken. Also, as we have already observed, there was evidence that the very chair in which Thomas was sitting when the accident occurred had been the subject of previous repairs. The chair itself was available for inspection by the jury during its deliberations, during which the jurors would be entitled to view for themselves the adequacy of the repairs and could potentially discover, based on their own observation, how the failure of the chair might have occurred.
¶ 9. Therefore, it is the opinion of this Court, that, viewing the evidence in the light most favorable to Thomas and conceding to him all favorable inferences that could reasonably be drawn from the evidence, reasonable jurors could conclude that Smith breached the duty of care owed Thomas, as a business customer of the restaurant, to provide a reasonably safe premises. For that reason, it was error *421 for the trial court to direct a verdict in favor of the defendant at the close of the plaintiff's proof in these circumstances.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY IS REVERSED AND THIS CAUSE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLEE.
KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, and THOMAS, JJ., concur. CHANDLER, J., not participating.