937 So.2d 26 (2006)
Elizabeth S. McDANIEL, Appellant
v.
CITIZENS BANK, Appellee.
No. 2004-CA-01936-COA.
Court of Appeals of Mississippi.
February 14, 2006.
Rehearing Denied June 20, 2006.
Kristopher Alan Powell, Jack W. Land, attorneys for appellant.
Eugene Love Fair, Hattiesburg, Susan K. Steadman, attorneys for appellee.
Before MYERS, P.J., BARNES and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Citizens Bank sued Elizabeth S. McDaniel for deficiency on a promissory note after Citizens Bank sold McDaniel's Cadillac used as collateral. The Marion County Circuit Court entered a directed verdict in favor of Citizens Bank. McDaniel appealed raising two issues:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S *27 MOTION FOR DIRECTED VERDICT AT THE CLOSE OF PLAINTIFF'S CASE.
II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF ALL THE EVIDENCE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Citizens Bank (Citizens) and Elizabeth McDaniel had maintained an ongoing business relationship from 1996 until 2003. This relationship included a series of loan transactions in which McDaniel's 1995 Cadillac de Ville was used as collateral. On March 15, 2002, McDaniel executed a promissory note with Citizens for $11,444.40, secured by her car. At the time of this promissory note the car had 232,000 miles. McDaniel was to repay the loan in eleven installments of $250 with a final balloon payment of $10,150.95.
¶ 4. On March 28, 2003, McDaniel met with Citizen's loan officer, Mack Davis, and signed a new promissory note for the balance of the previous note ($10,150.95) and was given a coupon book for payments to be made to the bank. During the loan negotiations Davis informed McDaniel that she would need to purchase insurance on the car prior to the loan being completed. McDaniel had not had insurance on the car during previous loans in which the car was used as security. McDaniel failed to provide Citizens with the required proof that she had obtained insurance.
¶ 5. Hubert Freeman, Citizens' head of recovery, notified McDaniel on April 22, 2003, that the car would be repossessed for failure to obtain insurance because the FDIC required this insurance. McDaniel again failed to purchase the required insurance and the Cadillac was repossessed on May 6, 2003. Following this repossession, Freeman informed McDaniel that she had ten working days to obtain insurance and renew the loan or payoff the balance owed. McDaniel did neither and Citizens began the process of selling the car. The car was sold on September 4, 2003, for $1,500 and this suit was filed by Citizens to collect the difference between the amount owed and the sale price on November 7, 2003. At the conclusion of the trial the court entered a directed verdict in favor of Citizens. Upon this verdict McDaniel has appealed to this Court raising two issues:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT DEFENDANT'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF PLAINTIFF'S CASE-IN-CHIEF.
II. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF ALL THE EVIDENCE.

LEGAL ANALYSIS
¶6. Finding that both issues involve motions for directed verdict, we will address them together.

STANDARD OF REVIEW
¶7. The standard to be applied by the trial court in considering a motion for directed verdict has been stated by this Court as follows:
The trial court may direct a verdict for the defendant at the close of the plaintiff's proof under authority of Mississippi Rule of Civil Procedure 50(a) if, in the opinion of the court, the plaintiff has failed to present credible evidence to establish the necessary elements of his right to recover. Hall v. Mississippi Chem. Express, Inc., 528 So.2d 796, 798 (Miss.1988). The court must consider all evidence then before it in the light most favorable to the plaintiff and must concede to the plaintiff all favorable inferences *28 that could reasonably be said to arise from that evidence. Benjamin v. Hooper Electronic Supply Co., Inc., 568 So.2d 1182, 1187 (Miss.1990). Only if, viewed in that light, the court determines that the matter is so overwhelmingly in favor of the defendant that no reasonable juror could find for the plaintiff, should the court direct a defendant's verdict. Id.

Thomas v. Smith, 786 So.2d 418, 419(¶ 2) (Miss.Ct.App.2001).

DISCUSSION
¶ 8. The issue at the center of the case at bar is whether McDaniel provided the final payment required in the 2002 note. McDaniel's argument is that the 2003 note was accord and satisfaction of the 2002 note. Citizens contends that McDaniel's failure to provide insurance as required by the 2003 note invalidated that note and therefore McDaniel did not make the final payment as required on the 2002 note. Because of this failure to make the final payment of the 2002 note Citizens repossessed the car, sold the car, and sued McDaniel to collect the difference.
¶ 9. The four elements of a valid accord and satisfaction under Mississippi Law have been set out in numerous opinions by our supreme court, recently in Medlin v. Hazelhurst Physicians, 889 So.2d 496, 498(¶ 12)(Miss.2004). These elements are:
(1) something of value offered in full satisfaction of a demand; (2) accompanied by acts and declarations as amount to a condition that if the thing offered is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to such conditions; and (4) the party actually does accept the item.
Id. Each of these elements must be met for there to be accord and satisfaction.
¶ 10. In full satisfaction of the final payment due on the 2002 note Citizens offered McDaniel a new loan of equal monthly installments. This loan would be paid over a period of thirty-six months in equal amounts of $329.54. This loan would be a completion of the series of loans between Citizens and McDaniel. Citizens offered this loan with the condition that McDaniel would provide proof of insurance prior to the activation and recording in the bank's records by Citizens.
¶ 11. Following the completion of the loan application and in anticipation of McDaniel meeting her obligation to provide insurance, Citizens gave McDaniel a payment coupon book. Citizens contacted McDaniel numerous times after these negotiations and requested the necessary proof of insurance. McDaniel did not meet her obligation of providing proof of insurance on the car and the bank canceled the new loan before it was activated. This cancellation left the final payment of the 2002 note unpaid and therefore put McDaniel in default of that loan. With McDaniel in default, Citizens was entitled to proceed with repossession of the car and to seek payment of the difference between the car's value and the amount remaining on the loan.
¶ 12. Without this loan McDaniel has not provided Citizens with "something of value offered in full satisfaction of demand." The first element of accord and satisfaction has not been met and the 2002 note has not been satisfied.
¶ 13. Additionally, McDaniel contends that Citizens breached its duty of good faith and fair dealing by treating her unfairly. The Mississippi Supreme Court has stated:

*29 Every contract contains an implied covenant of good faith and fair dealing in performance and enforcement. Morris v. Macione, 546 So.2d 969, 971 (Miss. 1989). "Good faith is the faithfulness of an agreed purpose between two parties, a purpose which is consistent with justified expectations of the other party. The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." Cenac v. Murry, 609 So.2d 1257, 1272 (Miss.1992). Bad faith, in turn, requires a showing of more than bad judgment or negligence; rather, "bad faith" implies some conscious wrongdoing "because of dishonest purpose or moral obliquity." Bailey v. Bailey, 724 So.2d 335, 338 (Miss.1998).
Harris v. Mississippi Valley State University 873 So.2d 970, 987(¶ 51) (Miss.2004). McDaniel believes that her unfair treatment stems from Citizens suing her on the 2002 note which she believed had been renewed by the 2003 note.
¶ 14. The actions of Citizens do not constitute a breach of good faith and fair dealing. A business relationship had existed between Citizens and McDaniel for several years. Citizens had made repeated loans to McDaniel with the Cadillac as security for those loans. After numerous years of lending money to McDaniel, Citizens offered a loan to McDaniel that would finally payoff the amount owed on the car without the continued annual refinancing. The only condition Citizens required, other than making monthly payments, was that McDaniel provide insurance coverage for the car. She failed to provide this coverage and the 2003 note was not activated. This does not constitute bad faith. The actions of Citizens are within reasonable business practices.

CONCLUSION
¶ 15. Finding that the trial court's ruling was correct that the 2002 note had not been paid off due to the failure of the 2003 note, we affirm.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.