GRIFFIS, P.J., for the Court:
¶ 1. Jerry Page filed suit against Biloxi Regional Medical Center (“BRMC”) for personal injuries arising out of a negligence claim. The Circuit Court of Harrison County granted summary judgment in favor of BRMC. On appeal, Page argues that summary judgment was improper and that the circuit court failed to address the issue of spoliation of evidence. We find no error and affirm the judgment.
FACTS
¶2. In January 2006, Page was employed by Tradesman International to repair damage to the Beau Rivage Resort and Casino caused by Hurricane Katrina. BRMC was one of the few places along the Gulf Coast that was serving meals in the wake of the disaster.
¶ 8. In order to accommodate the community, BRMC increased the seating in its cafeteria by renting preassembled Samsonite folding chairs from ABC Rental. The Director of Food and Nutrition Services, Robert Ingles Jr., testified in his deposition, that at delivery BRMC staff inspected every chair and put the chairs into service if there were no apparent defects. He further testified that once in use, chairs were routinely inspected and cleaned between and during meals. Chairs that were not in working order were removed from the cafeteria.
¶ 4. On February 2, 2006, Page went to BRMC to eat his lunch, and he sat in one of the rented chairs. The chair collapsed, causing Page to fall to the floor. After Page’s fall, hospital staff immediately questioned Page to see if he desired medical assistance, which he declined. The chair was taken out of service and removed from the cafeteria because its legs were bent. The chair was kept in the back office of the cafeteria for several months. However, during a routine floor sweep, in which miscellaneous debris was removed to ensure the cleanliness of the hospital, the chair was inadvertently discarded by an unknown hospital employee.
¶ 5. After he finished his lunch and returned to work, Page was unable to perform his job, so he sought medical attention in BRMC’s Emergency Room. Page received treatment and returned to work. Page continued to work at the Beau Ri-vage for the next month until he underwent outpatient surgery on his shoulder on March 21, 2006. Over two years later, Page filed a negligence claim against BRMC alledging that the hospital failed to (1) warn Page of the hazards and unsafe *644 condition of the chair, (2) adequately train its employees on safety procedures, (3) keep its chairs in good working order, and (4) supervise its employees.
¶ 6. At the summary-judgment hearing, Page argued that the broken chair was proof of BRMC’s negligence. Page contended that because BRMC had failed to preserve the chair over the course of the two-year period, the spoliation of evidence created a negative inference, regardless of whether the spoliation was unintentional.
If 7. After reviewing the pleadings and applicable law and hearing the arguments of the parties, the circuit court granted summary judgment, finding that Page failed to show a genuine issue of material fact as to one or more of the necessary elements of his premises-liability claim.
STANDARD OF REVIEW
¶ 8. The standard of review for an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183, 185 (¶ 4) (Miss.2003)) (citations omitted). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists.... The moving party has the burden of demonstrating that no genuine issue of material fact exists within the ‘pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.’ ” Id. (quoting M.R.C.P. 56(c)) (internal citations omitted).
ANALYSIS
¶ 9. The issue on appeal is whether the circuit court properly entered summary judgment for of BRMC, finding that Page failed to raise a genuine issue of material fact as to BRMC’s negligence.
¶ 10. “Mississippi adheres to the invitee/licensee/trespasser trichotomy when analyzing the property owner’s duty of care.” Corley v. Evans, 835 So.2d 30, 37 (¶21) (Miss.2003). “An invitee is a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.” Id. (quoting Hoffman v. Planters Gin Co., 358 So.2d 1008, 1011 (Miss.1978)). “A landowner owes a business invitee a duty of reasonable care for the invitee’s safety.” Hudson v. Courtesy Motors, Inc., 794 So.2d 999, 1003 (¶ 9) (Miss.2001) (citing Hall v. Cagle, 773 So.2d 928, 929 (¶ 5) (Miss.2000)). Landowners must keep their premises in a reasonably safe condition. Pigg v. Express Hotel Partners, LLC, 991 So.2d 1197, 1199-1200 (¶ 5) (Miss.2008). They have a duty to warn of known dangerous conditions, which are not readily apparent but would have been discovered by reasonable inspection of the premises. Id.
¶ 11. It is undisputed that Page was an invitee who was owed a duty of reasonable care. However, Page has not raised a genuine issue of material fact as to whether BRMC breached its duty. The only facts Page offers in support of his claim is that he fell out of the chair and that the chair was bent after his fall.
¶ 12. In Thomas v. Smith, 786 So.2d 418, 420 (¶ 7) (Miss.Ct.App.2001), we discussed whether the mere fact a chair broke for an unexplained reason creates a jury issue as to whether a business owner breached his duty to provide safe and stable seating to his customers. We noted the supreme court’s holding in Langston v. Kidder that “mechanical devices simply fail unexpectedly from time to time, and that something more than a device’s failure must be shown in order to establish a breach of the standard of reasonable care.” Thomas, 786 So.2d at 420 (¶ 7) (citing *645 Langston v. Kidder, 670 So.2d 1, 5 (Miss. 1995)). Similarly, here, the sole fact of the chair breaking simply is not enough to show negligence.
¶ 13. “[I]n a summary judgment proceeding, the plaintiff must rebut the defendant’s claim (i.e., that no genuine issue of material fact exists) by producing supportive evidence of significant and probative value; this evidence must show that the defendant breached the established standard of care and that such breach was the proximate cause of her injury.” Palmer v. Biloxi Reg’l Med. Ctr., Inc., 564 So.2d 1846, 1355 (Miss.1990).
¶ 14. Both parties agreed that BRMC is not an insurer against all injuries that might occur on its premises, and they recognized that liability for negligence in this case required a breach of the standard of reasonable care. In its motion for summary judgment, BRMC contended that hospital staff inspected the chairs when it initially put them into service and that hospital staff regularly inspected the chairs after each meal. Despite BRMC’s reasonable care, it was unaware that the chair might have been broken. Page failed to rebut BRMC’s motion for summary judgment with any evidence showing BRMC breached the reasonable-care standard.
¶ 15. Page urged the circuit court to adopt a negative presumption, that the chair would conclusively show that BRMC either intentionally or negligently discarded the chair, simply because it was not preserved for the two-year period between the injury and trial. To support his position, Page relies on Thomas v. Isle of Capri Casino, 781 So.2d 125, 133 (¶ 39) (Miss.2001), where the defendant casino’s behavior of discarding evidence was not simply negligent, but rather was grossly negligent.
¶ 16. In Isle of Capri, the plaintiff claimed he won a slot machine jackpot, and casino employees intentionally cleared the reel that evidenced his win. Id. at 127 (¶ 7). After only a month of receiving notice of impending litigation, the casino discarded the slot machine in question. Id. at 130 (¶ 20). The casino failed to follow not only its internal procedure, but more importantly, the procedure required by the Mississippi Gaming Control Act. Id. at 131 (¶ 26). Moreover, the spoiled evidence in that case would have provided conclusive proof of whether the plaintiff won the jackpot. Id. at 129 (¶ 17). As a result, the supreme court found that the casino’s action, if not intentional, was at least grossly negligent. Id. at 133 (¶ 39).
¶ 17. Page argues that the circuit court should have specifically addressed the spoilation issue in its order, contending that spoliation of evidence created a negative inference that the chair in question was broken prior to his sitting in it. However, based on Isle of Capri a negative inference is only proper when a defendant intentionally or through gross negligence discards evidence that is the subject of litigation. Though Page’s complaint alleges that BRMC was grossly negligent, he does not set forth any facts to support his allegation. This case is unlike Isle of Capri because BRMC kept the chair in question for a number of months after Page’s fall, and it was discarded unintentionally. Unlike Isle of Capri, BRMC did not violate state legislation. Further, had Page obtained the chair during the discovery process, it is very unlikely an examination of the chair would have conclusively proven that it was broken before his fall. Moreover, even if the chair was broken before Page sat in it, he still failed to show BRMC had notice of the defect or failed to inspect the chair. Therefore, because Page failed to present evidence showing that BRMC breached its duty of reasonable *646 care, he is unable to establish negligence, making the defectiveness of the chair and the spoliation of evidence irrelevant.
¶ 18. The circuit judge properly granted summary judgment on favor of BRMC. Accordingly, this issue is without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., IRVING, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.