# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00592-COA

THE ESTATE OF BETTY JEAN KIIHNL                    APPELLANT

v.

FAMILY DOLLAR STORES OF MISSISSIPPI,               APPELLEE
INC.

| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2015 |
| TRIAL JUDGE: | HON. SMITH MURPHEY |
| COURT FROM WHICH APPEALED: | TALLAHATCHIE COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | FRANK THACKSTON JR. W. DEAN BELK |
| ATTORNEYS FOR APPELLEE: | CRAIG N. ORR ROBERT D. GHOLSON SHIRLEY M. MOORE |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT FOR DEFENDANT/APPELLEE |
| DISPOSITION: | AFFIRMED - 08/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this premises-liability case, we must decide whether the Tallahatchie County Circuit Court erred in granting Family Dollar Stores of Mississippi Inc.'s motion for summary judgment.

## FACTS

¶2.     Betty Jean Kiihnl was a regular shopper at the Family Dollar in Charleston,

Mississippi. On May 30, 2014, Jennifer Morgan[1] drove Kiihnl to the Family Dollar. There were no handicapped parking spaces, and the parking spaces directly in front of the Family Dollar were occupied. So Morgan parked the vehicle in a parking space on the side of the building. Kiihnl walked from the vehicle to the store entrance and entered the Family Dollar at approximately 4:30 p.m. While Kiihnl was shopping, three boys[2] arrived, on bicycles, at approximately 4:59 p.m. Two of the boys immediately went inside the Family Dollar while one boy remained outside.

¶3. Sandy Helton, the store manager, stated she did not notice the boys outside. She also stated she did not receive any complaints about the boys. Cynthia Colter, another shopper, stated that she had roughly the same view as Helton and did not notice the boys either.

¶4. It appears from the surveillance video that at approximately 5:08 p.m., Kiihnl exited the Family Dollar. Shortly thereafter, at approximately 5:10 p.m., one of the boys—in a black shirt—exited after making a purchase. At approximately 5:11 p.m., the other boy exited. The three boys then engaged in horseplay from approximately 5:11:25 p.m. to 5:11:35 p.m.

¶5. When Kiihnl and Morgan returned to the vehicle, Morgan realized the keys were missing. As Kiihnl walked back towards the store entrance to search for the keys, she stepped off of the sidewalk and into the parking lot to go around the boys. Two of the boys were sitting on their bicycles, and the boy in the black shirt was standing. At approximately

_____

[1] Morgan was Kiihnl's son's girlfriend.

[2] According to Kiihnl, two of the boys were ten years old, and one boy was twelve years old.

5:12:12 p.m., the boy in the black shirt suddenly turned and collided with Kiihnl. Kiihnl fell to the ground and injured her hip.

¶6. Melissa Collins, a paralegal for Family Dollar Inc., submitted an affidavit, stating Kiihnl's injury was the only reported injury in the Family Dollar parking lot since the store opened in 1998.

## PROCEDURAL HISTORY

¶7. On September 12, 2014, Kiihnl filed an amended complaint against Family Dollar, alleging negligence and negligence per se under a premises-liability claim. Kiihnl asserted that Family Dollar failed to provide a clear and unobstructed sidewalk—free of clutter and children riding bicycles and engaging in horseplay—and failed to provide a handicapped parking space.

¶8. Subsequently, Family Dollar filed a motion for summary judgment. After a hearing, the circuit court granted Family Dollar's motion. The circuit court found that the boy was the sole cause of Kiihnl's fall, and Kiihnl failed to make a showing sufficient to establish negligence by Family Dollar. The circuit court also found that although Family Dollar taped over part of the store surveillance video, Kiihnl was not entitled to a negative inference. Kiihnl appeals.[3]

## STANDARD OF REVIEW

¶9. The grant of a motion for summary judgment is reviewed de novo. *Karpinsky v. Am. Nat'l Ins.*, 109 So. 3d 84, 88 (¶9) (Miss. 2013). We view the evidence "in the light most

---

[3] Kiihnl's estate was later substituted in this appeal.

favorable to the party against whom the motion has been made." *Id.*

> Summary judgment is appropriate and shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law. Importantly, the party opposing summary judgment may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in [Mississippi Rule of Civil Procedure 56], must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, will be entered against him.

> This Court has explained that in a summary judgment hearing, the burden of producing evidence in support of, or in opposition to, the motion is a function of Mississippi rules regarding the burden of proof at trial on the issues in question. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to [a] judgment as a matter of law. The movant bears the burden of production if, at trial, he would bear the burden of proof on the issue raised. In other words, the movant only bears the burden of production where [the movant] would bear the burden of proof at trial. Furthermore, summary judgment is appropriate when the non-moving party has failed to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 88-89 (¶¶10-11) (internal quotation marks and citations omitted).

## DISCUSSION

### I.       Negligence and Negligence Per Se

¶10.    In a premises-liability case, "the plaintiff must prove the familiar elements of duty, breach of duty, proximate cause, and damages." *Hartford v. Beau Rivage Resorts Inc.*, 179 So. 3d 89, 91 (¶6) (Miss. Ct. App. 2015) (internal quotation marks and citation omitted). To survive a motion for summary judgment, the plaintiff must allege facts tending to prove all four elements. *Id.*

¶11.    "A business owner's duty depends on the plaintiff's status as an invitee, licensee, or

4

trespasser." *Id.* It is undisputed that Kiihnl was an invitee. Therefore, Family Dollar owed a duty to Kiihnl to (1) keep the premises reasonably safe, and (2) warn of hidden dangers of which Family Dollar knew or, in the exercise of reasonable care, should have known. *Mayfield v. The Hairbender*, 903 So. 2d 733, 737-38 (¶20) (Miss. 2005). "When a dangerous condition on the premises . . . is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence." *Jerry Lee's Grocery Inc. v. Thompson*, 528 So. 2d 293, 295 (Miss. 1988).

¶12.   Our supreme court has held that the existence of a dangerous condition and a failure to warn are different theories of negligence, not different causes of action. *Mayfield,* 909 So. 2d at 735 (¶9). "[R]egardless of the invitee's precise theory of premises liability, proof that [the] injury was *caused* by a 'dangerous condition' is an essential element of [the] claim." *Jones v. Wal-Mart Stores E. LP*, 187 So. 3d 1100, 1104 (¶12) (Miss. Ct. App. 2016) (emphasis added) (citing *Stanley v. Boyd Tunica Inc.*, 29 So. 3d 95, 97 (¶10) (Miss. Ct. App. 2010)).

¶13.   To establish negligence per se, Kiihnl must show: "(1) [Family Dollar] breached a statute or ordinance; (2) [Kiihnl] was within the class protected by the statute or ordinance; and (3) the violation proximately caused [her] injury." *Faul v. Perlman*, 104 So. 3d 148, 156 (¶26) (Miss. Ct. App. 2012) (internal quotation marks and citation omitted).

¶14.   Kiihnl claims Family Dollar breached its duty by allowing children to remain on the premises. It seems Kiihnl believes both the children, themselves, were a dangerous condition

5

and the children caused a dangerous condition by engaging in horseplay. Although not binding, the circuit court cited to a Georgia case for the proposition that under Georgia law "[c]hildren have not, as yet, been classified as inherently dangerous [conditions]." *Elliott v. Burkhalter*, 327 S.E.2d 858, 859 (Ga. Ct. App. 1985). Mississippi law has yet to do so either.

¶15. There was no proof that Family Dollar had actual knowledge of the boys' presence outside of the store. The store manager stated she did not notice the boys outside and had not received any complaints. And another shopper stated she had the same view as the store manager and did not notice the boys either. Furthermore, the boys did not remain outside long enough to provide Family Dollar with constructive knowledge of their presence. The boy who ran into Kiihnl was outside for approximately two minutes and twelve seconds after making a purchase inside the store. And he engaged in horseplay for a mere ten seconds. Additionally, there was no reason to anticipate the incident from prior events. Collins's affidavit stating there had been no other reported injuries was unrebutted. For these reasons, we agree with the circuit court that Kiihnl failed to make a showing sufficient to establish Family Dollar breached its duty by allowing children to remain on its premises.

¶16. Kiihnl also claims Family Dollar breached its duty by allowing clutter—clothing racks, shopping carts, and a drink machine—on the sidewalk. Kiihnl claims Family Dollar was negligent per se by allowing bicycles on the sidewalk—in violation of a city ordinance—and failing to provide a handicapped parking space—in violation of the Americans with Disabilities Act. But, as stated, in order to prove negligence and negligence per se, Kiihnl must show that her injury was *caused* by Family Dollar's breach. Instead,

6

Kiihnl admitted that but for the boy running into her, she would have been able to enter the Family Dollar:

Q:      Assuming that [the boy] had not run into you, you would have been able to . . . get in the front door; correct?

A:      Yeah . . . .

¶17.    Kiihnl did not fall on the sidewalk where the clothing racks, shopping carts, and drink machine were located; rather, she fell in the parking lot. Kiihnl also admitted that a bicycle did not cause or contribute to her fall:

Q:      Okay. And as we sit here today, the incident on May 30, 2014[,] really didn't involve a bicycle, did it?

A:      Well, no, the bicycle didn't hit me.

Q:      Okay. The boys - - there were two boys sitting on the bicycles, and the boy that was not on the bicycle is the one who ran into you; correct?

A:      Yeah.

And Kiihnl's expert, Emile Lacoste III, could not credibly opine that the accident would not have occurred but for the presence or absence of a designated handicapped parking space. Rather, Lacoste's affidavit speculated that "some type of accident . . . could likely occur." For these reasons, we agree with the circuit court that the boy was the sole cause of Kiihnl's fall, and Kiihnl failed to make a sufficient showing to establish Family Dollar was negligent.

**II.     Spoliation**

¶18.    Finally, Kiihnl urged the circuit court to adopt a negative inference because portions of the surveillance video were taped over. Family Dollar's district manager attempted to make copies of requested portions of the surveillance video but unintentionally copied over

7

multiple days.  Although some footage was lost, Family Dollar was able to copy the incident in its entirety—from 3:07 p.m. to 6:07 p.m. on May 30, 2014.  Kiihnl claims the lost footage would have shown bicycle traffic at the Family Dollar.  But Kiihnl admitted that a bicycle did not cause her fall.  Therefore, the issue of spoliation of evidence is irrelevant.  *See Page v. Biloxi Reg'l Med. Ctr.*, 91 So. 3d 642, 645-46 (¶17) (Miss. Ct. App. 2012).

¶19.  **THE JUDGMENT OF THE CIRCUIT COURT OF TALLAHATCHIE COUNTY, FIRST JUDICIAL DISTRICT, IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

   **IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**