# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00113-COA

**MARLANA ALONSO, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS AT LAW AND WRONGFUL DEATH BENEFICIARIES OF JAMES LEROY SMITH**                                    APPELLANT

v.

**JASON C. ROSS**                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/29/2015 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DON H. EVANS |
| ATTORNEYS FOR APPELLEE: | MYLES ETHAN SHARP |
| | MARK EDWARD NORTON |
| | JOSEPH RANDLE TULLOS |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | SUMMARY JUDGMENT GRANTED IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 07/25/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE, CARLTON AND GREENLEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In February 2013, James Smith was struck by a vehicle driven by Jason Ross on Highway 49 in Hattiesburg, Mississippi. Smith died as a result of the collision. In August 2013, Marlana Alonso, Smith's daughter, filed a wrongful-death suit, individually and on behalf of all heirs-at-law and wrongful-death beneficiaries, against Ross in the Forrest County Circuit Court. Ross moved for summary judgment, which the circuit court granted. Alonso now appeals. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On February 6, 2013, Smith, a pedestrian, was struck and killed by Ross's vehicle at approximately 8 p.m.  Ross collided with Smith while traveling northbound on Highway 49 in Hattiesburg, striking Smith near the front-right headlight.  The collision took place near the interchange of Highway 49 and Interstate 59, roughly 100 yards south of the intersection of Highway 49 and Classic Drive.

¶3.     At the time of the collision, Ross, who is an EMT, was en route to work at AAA Ambulance, located approximately one-half mile from the scene of the accident.  Ross testified that he was traveling in the right-hand, northbound lane of Highway 49 when the accident took place.  He further stated that it was dark, and the roads were wet from rain that had fallen earlier in the day—though it was not raining at the time of the collision.  Ross testified that he was neither speeding, using his cell phone, nor under the influence of any substance at the time of the accident.  Ross also testified that he never saw Smith before striking him with his vehicle; rather, he became aware of the collision upon feeling its effects.  Ross stated that it felt as if he had struck a large animal.

¶4.     Following the collision, Ross stopped on the shoulder of Highway 49, near the intersection of Highway 49 and Classic Drive.  He then walked back toward the area where he felt the contact and saw Smith lying in the grass, off the side of the roadway.  Ross stated this was the first time that he realized he had struck a pedestrian.  Ross further stated that Smith was wearing a camouflage jacket and pants.  With Smith lying motionless, Ross immediately phoned 911 for assistance.  He then checked Smith for a pulse, found none, and

began performing CPR until medical assistance arrived. It was later determined that Smith possessed a blood-alcohol concentration (BAC) of .247—over three times the legal limit for intoxication.

¶5. During Alonso's deposition testimony, she admitted on several different occasions that she did not have any evidence that Ross was negligent in the operation of his motor vehicle. At one point, Alonso stated, "As far as evidence, I do not have any." As a result, Alonso could not testify to: (1) where the accident occurred; (2) the lane in which the accident occurred; (3) which direction Ross was traveling; (4) what speed Ross was traveling; (5) whether Ross was keeping a proper lookout; (6) where Smith was at the time of the accident; and (7) whether Smith was exercising due care. There were no witnesses to the accident other than Ross.

¶6. Ross moved for summary judgment, arguing that Alonso had not asserted any claims against Ross founded in admissible evidence—rather, all of Alonso's claims were based upon mere speculation. Alonso responded, arguing that where a pedestrian is struck by a motor vehicle, some form of negligence is involved—thus, jury questions were raised, therefore requiring the denial of Ross's motion for summary judgment. The circuit court heard argument from both parties' counsel and ultimately granted Ross's motion. Alonso now appeals, arguing the circuit court erred as there exist genuine issues of material fact.

**STANDARD OF REVIEW**

¶7. A trial court's grant or denial of summary judgment is reviewed de novo. *Monsanto Co. v. Hall*, 912 So. 2d 134, 136 (¶5) (Miss. 2005). Summary judgment is proper if "the

3

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). "If any triable facts exist, the lower court's grant of a summary judgment will be reversed; otherwise the decision will be affirmed." *Miller v. Meeks*, 762 So. 2d 302, 304 (¶3) (Miss. 2000). The evidence must be viewed in the light most favorable to the party opposing the motion. *Davis v. Hoss*, 869 So. 2d 397, 401 (¶10) (Miss. 2004). Only when the moving party has met its burden by demonstrating that no genuine issues of material fact exist should summary judgment be granted. *Tucker v. Hinds Cty.*, 558 So. 2d 869, 872 (Miss. 1990). "[W]here the party opposing the motion for summary judgment on a claim or defense . . . bears the burden of proof at trial, and the moving party can show *a complete failure of proof* on an essential element of the claim or defense, other issues become immaterial and the moving party is entitled to summary judgment[.]" *Crain v. Cleveland Lodge 1532, Order of Moose Inc.*, 641 So. 2d 1186, 1188 (Miss. 1994) (emphasis in original).

**DISCUSSION**

¶8.     Alonso asserts the circuit court erred in granting summary judgment. Specifically, Alonso argues that because Ross did not see Smith before striking him, a jury could infer Ross was not keeping a proper lookout or was driving too fast for the road conditions, thus creating a genuine issue of material fact. As a result, then, Alonso reasons summary judgment was improper. Reviewing the record anew, we disagree.

¶9.     "The elements of a prima facie case of negligence are duty, breach, causation, and

4

damages." *Todd v. First Baptist Church of West Point*, 993 So. 2d 827, 829 (¶10) (Miss. 2008). "Duty and breach much be established first." *Id.* Upon establishing a duty was owed, "[t]he elements of breach and proximate cause must be established by the plaintiff with supporting evidence." *Id.* The plaintiff bears the burden of proving each essential element by a preponderance of the evidence. *Perry Inv. Grp. LLC v. CCBCC Operations LLC*, 169 So. 3d 888, 895 (¶28) (Miss. Ct. App. 2014). "To survive a motion for summary judgment, the plaintiff must allege facts tending to prove all four elements." *Estate of Kiihnl v. Family Dollar Stores of Miss. Inc.*, 197 So. 3d 920, 924 (¶10) (Miss. Ct. App. 2016).

¶10.    Alonso's primary assertion for Ross's negligence was that she felt that because Ross was driving a vehicle that hit a pedestrian, he must have been negligent. To further that assertion, Alonso argues that Ross had a duty to keep a proper lookout for vehicles, objects, and persons ahead on the highway. *See Partlow v. McDonald*, 877 So. 2d 414, 417 (¶8) (Miss. Ct. App. 2003) (holding "[t]he operator of a motor vehicle owes to pedestrians walking along the highway the duty to exercise reasonable or ordinary care to avoid injuring them"); *see also* Miss. Code Ann. § 63-3-1112 (Rev. 2013) (requiring "every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian"). She also contends that because Ross testified the roads were wet from an earlier rain, he should have adjusted his speed for the weather conditions. *See* Miss. Code Ann. § 63-3-505 (Rev. 2013) (requiring drivers to decrease speed when certain weather or road conditions require such).

¶11.    In response to these claims, Ross moved for summary judgment, supporting his motion by identifying undisputed portions of the record illustrating a lack of any triable

issues. But Alonso—as the plaintiff and nonmovant—bore the ultimate burden at trial. Under Rule 56, Alonso, unable to rest upon the mere allegations or denials of her pleadings, was required to come forth with *specific facts* showing there was a genuine issue for trial. M.R.C.P. 56(e) (emphasis added). Though Alonso articulated certain duties required of Ross in the operation of his motor vehicle, she failed to establish that Ross breached those duties. By her own testimony, Alonso admitted that she had no evidence proving Ross was negligent. Instead, Alonso attempts to defeat summary judgment by relying upon mere speculation as to what actually occurred; such speculation is explicitly prohibited by Rule 56. *See* M.R.C.P. 56.

¶12. Thus, the uncontroverted facts show that Ross was traveling northbound on Highway 49 at approximately 8 p.m., was not speeding, was not using his cell phone, and was not under the influence of any substance. It is further undisputed that the collision did not happen at an intersection or within a crosswalk (as originally pled by Alonso), that it was dark, that Smith was wearing camouflage clothing, and that Smith possessed a BAC of .247. Alonso presented no evidence specifically showing: (1) where the accident occurred; (2) what speed Ross was traveling; (3) whether Ross was keeping a proper lookout; (4) where Smith was at the time of the accident; and (5) whether Smith was exercising due care.

¶13. Upon hearing argument from both parties' counsel, the circuit court granted Ross's motion for summary judgment, stating that Alonso "ha[d] failed to produce any admissible evidence that raise[d] a genuine issue of material fact to be resolved by the jury[.]" We agree. Ross—through his motion—showed "*a complete failure of proof* on an essential

6

element of [Alonso's] claim or defense," thus entitling him to summary judgment. *Crain*, 641 So. 2d at 1188 (emphasis in original). As a result, we find the circuit court did not err in its grant of summary judgment. We find no merit to this issue.

## CONCLUSION

¶14. Reviewing the record before this Court in the light most favorable to Alonso, we find there exist no genuine issues of material fact. Therefore, we affirm.

¶15. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**